Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
Reena I. Desai, MN State Bar No. 0388311
Rdesai@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
*Pro hac vice application forthcoming*
Attorneys for Plaintiffs and those similarly situated

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DELUCA AND BARRY FRANCIS individually and on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., and FARMERS SPECIALITY INSURANCE COMPANY, INC.<br><br>Defendants. | **Case No.:**<br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201,** *et seq.***)**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))**<br><br>**(3) Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br><br>**(4) Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)**<br><br>**(5) Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code § 226.7)**<br><br>**(6) Violation of California Business and Professions Code §§ 17200 et seq.** |

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs David DeLuca and Barry Francis ("Plaintiffs"), on their own behalf and on behalf of all similarly situated individuals, by and through their attorneys Nichols Kaster, LLP, bring this action against Defendants Farmers Group, Inc., Farmers Insurance Company, Inc., Farmers Specialty Insurance Company, Inc. and Farmers Insurance Exchange, ("Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and California wage and hour law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. This Court also has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to L.R. 120, this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events or omissions giving rise to the claims occurred in San Francisco County, California.

## THE PARTIES

3. Plaintiff David DeLuca is an individual residing in Walnut Creek, California (Contra Costa County). Plaintiff DeLuca was employed by Defendants as a special investigator from approximately April 2012 to May 2014. Defendants assigned Plaintiff DeLuca to a territory that included Santa Clara, Contra Costa, and Alameda Counties, and he reported to offices in San Jose (Santa Clara County) and Concord, California (Contra Costa County).

4. Plaintiff Barry Francis is an individual currently residing in County Kerry, Ireland. Plaintiff Francis was employed by Defendants as a special investigator from approximately April 2006 to June 2016. Defendants assigned Plaintiff Francis to a territory that covered San Francisco, Contra Costa, and San Mateo Counties, and he reported to an office in Daly City, California (San Mateo County).

5.      Plaintiff DeLuca brings this action individually and on behalf of all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff DeLuca and the similarly situated individuals are, or were, employed by Defendants as special investigators across the country during the applicable statutory period.

6.      Plaintiffs also bring this action on behalf of all persons who were, are or will be employed by Defendants in the State of California as special investigators at any time within four (4) years prior to the date of the filing of this Complaint through the date of final disposition of this action who were, are, or will be classified as exempt from overtime pay under applicable law.

7.      Defendant Farmers Insurance Exchange is an inter-insurance exchange that, through its subsidiaries (including Defendants Farmers Group, Inc., Farmers Insurance Company, Inc., and Farmers Specialty Insurance, Inc.), offers homeowners insurance, auto insurance, commercial insurance, and financial services throughout the United States.  Defendant Farmers Group, Inc. provides administrative and management services to Farmers Insurance Exchange.  Defendant Farmers Specialty Insurance, Inc. provides policyholders with coverage for property that may not qualify for typical/standard insurance coverage (e.g. rental properties, vacation homes, etc.).  Defendants' principal place of business is in Los Angeles, California.  Defendants maintain offices in California and many other states throughout the country.  Defendants have employed Plaintiff DeLuca and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203 and have employed Plaintiffs and the California Rule 23 Class within the meaning of the California Labor Code.

8.      At all relevant times, Defendants' gross annual sales made or business done have been in excess of $500,000.  Defendants operate in interstate commerce by, among other things, providing its insurance and financial services in multiple states.

**FACTUAL ALLEGATIONS**

9.      At all times relevant herein, Defendants operated a willful scheme to deprive its special investigators of overtime compensation.

10.     Plaintiffs and the similarly situated individuals worked as special investigators for Defendants during the applicable statutory period.  Defendants employ special investigators to

investigate potentially fraudulent insurance claims. Defendants assign each special investigator a set number of cases to investigate each month, which are continually assigned on an on-going basis.

11. Defendants have routinely suffered and permitted Plaintiffs and the other special investigators to work in excess of eight hours per day and forty (40) hours per week. On average, Plaintiff DeLuca estimates that he worked at least fifty (50) hours per week. Plaintiff Francis estimates that he worked, on average, approximately fifty five (55) hours per week. As a result of Defendants' improper classification of their special investigators as "exempt" from the FLSA and state wage and hour law, Defendants did not pay Plaintiffs overtime compensation for any overtime hours worked. Defendants uniformly applied this policy and practice to all special investigators.

12. Defendants did not keep accurate records of the hours worked by Plaintiffs and the other special investigators. Defendants never instructed Plaintiffs or other special investigators to keep records of their own hours worked. Because Defendants did not pay Plaintiffs for all the hours they worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours Plaintiffs worked.

13. As a result of the high volume of cases Defendants assigned to Plaintiffs, as well as the timelines and deadlines assigned associated with those cases, Plaintiffs regularly, on average at least weekly, worked through meal periods and rest periods. Defendants' deadlines and the substantial number of ongoing cases Defendants assigned to Plaintiffs at any given time, prevented Plaintiffs from taking uninterrupted meal and rest periods.

14. Defendants uniformly misrepresented to Plaintiffs and the other special investigators that they were ineligible to receive overtime pay. In reality, Plaintiffs and the other special investigators are, and were, nonexempt employees who are, and were, entitled to overtime pay.

15. Defendants knew, or at the very least showed reckless disregard for the fact, that Plaintiffs and the other special investigators performed work that required payment of overtime compensation.

16. In late 2007, a group of special investigators, on behalf of themselves and individuals similarly situated, filed a lawsuit against Defendant Farmers Insurance Exchange "Defendant") for violating the overtime provisions under the federal Fair Labor Standards Act in the United States District Court for the District of Minnesota. See *Fenton v. Farmers Insurance Exchange*, 07-cv-4864 (D. Minn.)

17. The *Fenton* district court granted conditional certification of the collective class under the FLSA in May 2008. *Id*. (ECF No. 47.) The plaintiffs amended their complaint in July 2009 to add overtime, waiting time penalties, itemized wage statement, meal period and rest break, and unfair competition act claims under California state law. *Id*. (ECF No. 134.)

18. On September 29, 2009, the *Fenton* district court issued an order granting the plaintiffs' motion for partial summary judgment in part and holding that Defendant's special investigators were not exempt from the overtime protections provided by the FLSA and California state law as a matter of law. Id. (ECF No. 146); *see also Fenton v. Farmers Ins. Exch.*, 663 F. Supp. 2d 718 (D. Minn. 2009). The *Fenton* district court also determined that Defendant failed to demonstrate that it acted in good-faith with reasonable grounds for believing that they complied with the FLSA, and awarded the plaintiffs liquidated damages. *Id*.

19. Despite a federal district court's 2009 ruling that Defendant's special investigators are non-exempt as a matter of law under the FLSA and California state law, it continues to willfully classify its special investigators as exempt, failing to provide them overtime compensation required by law.

20. Since the resolution of the *Fenton* case, the primary job duties of special investigators have not changed in such a way that would permit them to be lawfully classified as exempt from overtime pay under the FLSA or California law.

21. Further, several years after the *Fenton* decision, Plaintiff Francis was a member of an employee engagement team comprised of special investigators across the country. This team of employees was tasked with meeting to identify ways Defendants' could attempt to improve the work/life balance for special investigators. In approximately August 2014, at a conference held in Florida, a representative of the team presented the ideas and suggestions to a group of

-4-
COLLECTIVE AND CLASS ACTION COMPLAINT

managers within Defendants' special investigations unit, specifically requesting that Defendants begin paying overtime to special investigators going forward. Defendants ignored this request, and made no changes to special investigators' pay structure.

22. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff DeLuca, individually and on behalf of all other similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff DeLuca brings his claims individually and on behalf of other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The proposed collective class is as follows:

> All persons who are, or have been, employed by Defendants as special investigators, or similar job titles, at any time within three years prior to this action's filing date through the date of final disposition of this action (the "FLSA Collective").

25. Plaintiff DeLuca has signed a consent form to join this lawsuit pursuant to 29 U.S.C. § 216(b), which is attached as Exhibit A. To date, two additional individuals have signed consent forms to join this lawsuit as opt-in plaintiffs. Their consent forms are attached as Exhibit B. As this case progresses, it is likely that other individuals will join the case as opt-in plaintiffs.

26. Defendants classified all of its special investigators as "exempt" from overtime under the FLSA. Accordingly, Plaintiff DeLuca and the FLSA Collective were subject to Defendants' policy, decision, and/or plan of improperly treating and classifying special investigators as "exempt" under the FLSA, and failing to pay appropriate overtime compensation.

27. Defendants are liable under the FLSA for failing to properly compensate Plaintiff DeLuca and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a

Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **RULE 23 CLASS ACTION ALLEGATIONS**

28. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

29. Plaintiffs, as Class Representatives, bring class action claims for relief for violation of California's wage and hour laws pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the following class:

> All persons who were, are or will be employed by Defendants in the State of California as special investigators, or similar job titles, at any time within four (4) years prior to the date of the filing of this Complaint through the date of final disposition of this action who were, are, or will be classified as exempt from overtime pay under applicable law (the "California Rule 23 Class").

30. Numerosity: The California Rule 23 Class includes, upon information and belief, dozens of individuals and, as such, is so numerous that joinder of all class members is impracticable.

31. Typicality: Plaintiffs' claims are typical of the members of the California Rule 23 Class. Plaintiffs are informed and believe that, like other special investigators, they routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Period. Plaintiffs had the same duties and responsibilities as other California Rule 23 Class members. Plaintiffs and the California Rule 23 Class were subject to Defendants' policy and practice of improperly treating and classifying special investigators as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal and rest breaks, and failing to maintain accurate records of hours worked.

32. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants

33. <u>Adequacy</u>: Plaintiffs will fairly and adequately represent the California Rule 23 Class and its interests. Plaintiffs are represented by competent and experienced counsel who will effectively represent the interests of the California Rule 23 Class.

34. <u>Commonality</u>: Questions of law and fact are common to the California Rule 23 Class, as described herein, and these common questions of law and fact predominate over the variations which may exist between members of the classes, if any. These common questions of law and fact include, without limitation:

    a) Whether Defendants unlawfully failed to pay Plaintiffs and the California Rule 23 Class overtime compensation in violation of California law;

    b) Whether Plaintiffs and the members of the California Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

    c) Whether Defendants failed to provide accurate itemized wage statements to Plaintiff Francis and the California Rule 23 Class as required by Labor Code § 226;

    d) Whether Defendants failed to provide required rest and meal breaks to Plaintiffs and the California Rule 23 Class, in violation of Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512;

    e) Whether Defendants violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and

    f) The proper measure of damages sustained by Plaintiffs and the Class Members.

35. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual California Rule 23 Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim in a separate action would be dispositive of the interest of individuals not party to this action, impeding their ability to protect their interests.

36. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the California Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the California Rule 23 Class as a whole.

37. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual California Rule 23 Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

38. Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23. The names and addresses of the members of the California Class are available from Defendants.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT – FAILURE TO OVERTIME**

**(on behalf of Plaintiff DeLuca and the FLSA Collective)**

39. Plaintiff DeLuca, individually and on behalf of all other similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

40. At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed employees, including Plaintiffs and the FLSA Collective.

41. Plaintiff DeLuca consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

42. The FLSA, 29 U.S.C. § 207, requires each covered employers, such as Defendants, to compensate all nonexempt employees for all hours worked, at their regular rate for hours under forty hours per week, and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

43. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.

44. Defendants routinely suffered and permitted Plaintiff DeLuca and the FLSA Collective to work more than forty (40) hours per week without overtime compensation.

45. By failing to compensate Plaintiff DeLuca and the FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*.

46. By failing to record, report, and/or preserve records of hours worked by Plaintiff DeLuca and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

47. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA. The foregoing conduct, as alleged in this Compliant, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48. As a direct and proximate cause of Defendants unlawful conduct, Plaintiff DeLuca and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff DeLuca, individually and on behalf of the FLSA Collective, seeks damages in the amount of the unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **SECOND CLAIM FOR RELIEF**

## **CALIFORNIA STATE LABOR CODE – FAILURE TO PAY OVERTIME**

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiffs and the California Rule 23 Class)

49. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

50. At all times relevant to this action, Plaintiffs and the California Rule 23 Class were employed by Defendants within the meaning of the California Labor Code.

51. By the course of conduct set forth above, Defendants violated Cal. Labor Code §§ 510 and 1194.

52. The California Labor Code requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

53. Plaintiffs and the California Rule 23 Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

54. During the relevant statutory period, Plaintiffs and the California Rule 23 Class worked in excess of eight hours in a work day and/or forty hours in a work week for Defendants.

55. During the relevant statutory period, Defendants failed and refused to pay the Plaintiffs and the California Rule 23 Class all wages due, including proper overtime compensation for overtime hours worked.

56. Defendants had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiffs and the California Rule 23 Class for their overtime hours worked.

57. As a result of Defendants' failure to pay wages earned and due, Defendants violated the California Labor Code.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, prejudgment interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY FINAL WAGES

Cal. Labor Code §§ 201, 202 & 203

(On Behalf of Plaintiffs and the California Rule 23 Class)

59. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

60. California Labor Code §§ 201 and 202 require Defendants to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject

employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61. Plaintiffs and the California Rule 23 Class are entitled to unpaid overtime compensation, but to date have not received all such compensation.

62. As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, Plaintiffs and the California Rule 23 Class who have separated from employment are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

Cal. Labor Code § 226

(On Behalf of Plaintiff Francis and the California Rule 23 Class)

63. Plaintiff Francis alleges and incorporates by reference the allegations in the preceding paragraphs.

64. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Francis, as well as other members of the California Rule 23 Class, in accordance with Labor Code § 226(a). Such failure caused injury under Labor Code § 226(e) because Plaintiff and members of the California Rule 23 Class could not promptly and easily determine, *inter alia*, their hours worked or rates of pay from the wage statement alone.

65. Plaintiff Francis and the California Rule 23 Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, as well as their attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

## CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS

Cal. Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512

-11-

(On Behalf of Plaintiffs and the California Rule 23 Class)

66. Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

67. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

68. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

69. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work

period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

70. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

71. Defendants knowingly failed to provide Plaintiffs and the California Rule 23 Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiffs and the California Rule 23 Class to take rest periods as required by law. Plaintiffs and the California Rule 23 Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

//

//

//

## SIXTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiffs and the California Rule 23 Class)

-13-

72. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

73. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

74. Beginning at a date unknown to Plaintiffs, but at least as long ago as the year 2012, Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiffs and the California Rule 23 Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs and the California Rule 23 Class.

75. Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    A. Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

    B. California Labor Code §§ 510 & 1194

    C. California Labor Code §§ 226.7 & 512

76. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

77. The harm to Plaintiffs and the California Rule 23 Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

78. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Rule 23 Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring

Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

79. **WHEREFORE**, Plaintiff DeLuca, individually and on behalf of all members of the FLSA Collective, pray for relief as follows:

    A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    B. Judgment against Defendants for an amount equal to Plaintiff DeLuca's and the FLSA Collective's unpaid overtime wages at the applicable rates;

    C. A finding that Defendants' conduct was willful;

    D. An equal amount to the overtime wages as liquidated damages;

    E. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

    F. Pre-judgment and post-judgment interest, as provided by law;

    G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

    H. Such further relief as the Court deems just and equitable.

80. **WHEREFORE**, Plaintiffs and the California Rule 23 Class pray for relief as follows:

    A. Certification of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the California Rule 23 Class;

    B. Appointment of Plaintiffs as Class Representatives, and appointment of their counsel as Class Counsel;

    C. Judgment that Defendants misclassified the Plaintiffs and the California Rule 23 Class as exempt employees;

D. Unpaid overtime wages, other due wages, injunctive relief, unpaid meal and rest premiums, and other penalties pursuant to California law;

E. Appropriate equitable relief to remedy Defendants' violations of state law;

F. Appropriate statutory penalties;

G. An award of damages and restitution to be paid by Defendants according to proof;

H. Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 226(e), and 1194, and California Code of Civil Procedure § 1021.5;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other equitable relief as the Court may deem just and proper.

Dated: January 4, 2017        NICHOLS KASTER, LLP

By:   s/Matthew C. Helland
        Matthew C. Helland

Attorneys for Plaintiffs, the Putative FLSA Collective and the Putative Rule 23 Class