UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DELUCA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>    Defendant. | Case No. 17-cv-00034-EDL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 159 |

## I.  INTRODUCTION

This employee misclassification case arises under the Federal Labor Standards Act ("FLSA") as well as California and New York state law.  Plaintiffs are a class of special investigators employed by the Defendant.  Their main job duties involve providing investigatory services when fraud is suspected in the submission of any insurance claim.  One of the key disputes in this lawsuit involves whether, considering their primary job duties, Plaintiffs classification as exempt employees by Defendant Farmer Insurance Exchange ("FIE" or "Farmers") violates federal and state labor and employment statutes.

Earlier this year, the parties filed cross motions for summary judgment.  On May 15, 2019, the Court entered an Order on the parties' motions granting in part and denying in part Plaintiffs' motion on various claims and denying Defendant's motion altogether.  Dkt. No. 152.  Pertinent to Defendant's pending motion, the Court denied Defendant's motion and granted Plaintiff's motion on the administrative exemption, essentially finding that there were no triable issues of fact as to whether Plaintiffs' primary duty (1) is directly related to the management or general business operations, and (2) "includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a).  The Court held that Plaintiffs' primary duty is

conducting investigations and that they do not exercise the requisite discretion and independent judgment on matters of significance that would qualify them for the administrative exemption and justify classifying them as exempt employees. Defendant requests certification from this Court to appeal that ruling immediately to the Ninth Circuit Court of Appeals. For the reasons set forth below, the Court DENIES Defendant's motion.

## II.     PROCEDURAL HISTORY

On January 4, 2017, Plaintiffs filed this lawsuit alleging claims under the FLSA for overtime wages and under California's wage and hour laws for waiting time and wage statement penalties and premiums for missed meal periods. The Court conditionally certified Plaintiffs' FLSA claims on August 1, 2017 and certified a class of special investigators who worked for Farmers in California on February 27, 2018.

On November 8, 2018, the Court granted in part and denied in part Plaintiffs' motion for leave to amend their complaint. The Court permitted Plaintiffs to amend the complaint to add New York Plaintiff Melissa Laughlin and her New York state law claims but denied the addition of Michigan Plaintiffs Timothy Bethel, Thomas Berry, and Mark Ritzema and their Michigan state law claims. Plaintiffs filed an amended complaint on November 13, 2018 to add Plaintiff Laughlin's claims that Farmers violated New York's overtime law, New York Labor Law Art. 19, §§ 650 et seq., and provided deficient notice and wage statements in violation of New York's Wage Theft Act, New York Labor Law Art. 6, §§ 190 et seq.

On February 2, 2019, the parties filed cross-motions for summary judgment. The Court held a hearing on the motions on April 4, 2019. Thereafter, the Court issued an order that granted in part, and denied in part the parties' motions. Dkt. No. 152. Regarding the administrative exemption, in finding that Plaintiffs were not exempt from overtime compensation because they are not employed in a bona fide administrative capacity, the Court made these findings:

- Plaintiffs' primary job duty is to conduct investigations into claims that indicate potential fraud, while other responsibilities such as reporting claims to government agencies or training other personnel on fraud prevention (that may suggest the administrative exemption) applies are secondary to their central task.

- Plaintiffs' primary duty of conducting factual investigations that inform a claims representative's ultimate determination of whether to pay claims does not qualify as being directly related to running Farmers' business or formulating or helping to execute policy such that Plaintiffs may be exempt from overtime compensation due to the administrative exception.

- The administrative exemption also is not fulfilled because Plaintiffs do not exercise the necessary discretion and independent judgment in carrying out their primary duty of conducting investigations into claims that indicate potential fraud.

Dkt. No. 152 at 18-30.

On June 28, 2019, Defendant filed this motion which asks the Court to enter final judgment on the granting of Plaintiff's motion for summary judgment on the administrative exemption issue to allow for Defendant to pursue an immediate appeal under Federal Rules of Civil Procedure 54(b), or in the alternative, requests that this court certify the exemption issue for immediate appeal pursuant to 28 U.S.C. section 1292(b).

## III. LEGAL AUTHORITY

### A. Final Judgment Under FRCP 54(b)

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

When faced with a motion pursuant to Rule 54(b), the Court must first determine whether its ruling concerns a "final judgment." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8 (1980). It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim

3

entered in the course of a multiple claims action.'" Id. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1996). A judgment is final under Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." Parr v. United States, 351 U.S. 513, 518 (1956); see also Jewel v. Nat'l Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2015) (to qualify as final, the judgment must be " sufficiently divisible from the other claims such that the case would not inevitably come to this court on the same set of facts.").

After a court has determined whether a judgment is final, it then must determine whether, in its discretion, any "just reason for delay" in entering final judgment exists. The court does so by balancing judicial administrative interests and the equities involved. Curtiss-Wright, 446 U.S. at 8, 10. In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8. "Rule 54(b) certification is not be granted routinely." Tessera, Inc. v. Toshiba Corp., 15-cv-2541-BLF, 2017 WL 11002227, at * 3 (N.D. Cal. Mar. 6, 2017) (granting Plaintiff's Rule 54(b) motion), certification rev'd on other grounds, 743 Fed.Appx. 140 (9th Cir. Nov. 21, 2018). The court is "mindful of the demands on the appellate court, thus necessitating careful consideration of whether certification would produce unnecessarily duplicative appeals." Id. "There clearly is wisdom in invoking this remedy only in compelling circumstances." Id.

In Tessera, a patent dispute, after the district court granted partial summary judgment in favor of the defendant, it entered final judgment under Rule 54(b) on the issue of whether the parties' licensing agreement created a patent-based royalty obligation. 743 Fed.Appx. at 141. The Ninth Circuit dismissed the plaintiff's appeal of the district court's partial summary judgment ruling, stating that:

> The partial summary judgment order before us held that the parties' licensing agreement and its amendment do not create a product-based (as opposed to patent-based) royalty obligation. Yet, as Tessera indicated at oral argument, it may seek additional discovery

4

> and still attempt to prove at trial that Toshiba owed royalties on the products at issue in its third cause of action under a patent-based interpretation of the contract. Thus, the order does not resolve a separable claim; it simply resolves one theory regarding the nature of Toshiba's royalty obligation under the licensing agreement rather than whether that obligation attaches to the products in question.

Id. The court further found that "the 'order does not present final adjudication of a complete claim on the facts, the theories for relief, or the parties.'" Id. at 141-42 (quoting Jewel, 810 F.3d at 629 (9th Cir. 2015) citing Wood v. GCC Bend, LLC, 422 F.3d 873, 879-80 (9th Cir. 2005) (reversing district court's Rule 54(b) certification order because of the claim's close relationship to other still pending claims)).

### B. Interlocutory Appeal, § 1292(b)

#### 1. Timeliness of a Request for Interlocutory Appeal

Though there is no specified time limit for seeking certification. Section 1292(b) provides for an "immediate appeal," and "a district judge should not grant an inexcusably dilatory request." Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir. 2000). Although a judge has the power to amend her orders at any time to certify for interlocutory appeal, "[t]he ten-day limitation in section 1292(b) [applicable to the appellate court's acting on a certification] is not to be nullified by promiscuous grants of motions to amend. An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay." Weir v. Propst, 915 F.2d 283, 287 (7th Cir. 1990). In view of the very short time frame in which the appellate court must act once a district court grants certification, the party seeking certification should act similarly expeditiously.

#### 2. Requirements for Interlocutory Appeals under 28 U.S.C. 1292(b)

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. In re Cement Antitrust Litig., 673 F.2d 1020, 1027 (9th Cir.1982). The district court may under "exceptional" circumstances, however, certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). Id. at 1026 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment")). Certification

may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

"[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that all three requirements have been met. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Moreover, "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Id. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "It was not intended merely to provide review of difficult rulings in hard cases." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

### i.   Controlling Question of Law

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Cement Antitrust Litig., 673 F.2d at 1026. Section 1292(b) "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).

While the challenged issue need not be dispositive of the entire lawsuit to be controlling, see Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996), this first step of § 1292(b) analysis "should, at a minimum, require that reversal have some immediate effect on the course of litigation and result in some savings of resources." F.T.C. v. Swish Mktg., 2010 WL 1526483, *2 (N.D. Cal. Apr. 14, 2010) (Seeborg, J); see also Yoshimoto v. O'Reilly Auto., Inc., C 10-05438-LB, 2011 WL 2669604 (N.D. Cal. July 7, 2011); Asis Internet Servs. V. Active Response Grp, C 07-6211-THE (N. D. Cal. Sept. 16, 2008).

Further, the Ninth Circuit has rejected construing a question of law as controlling simply because "it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." In re Cement Antitrust Litig., 673 F.2d at 1027 ("Congress could easily

have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a 'controlling question of law,' it would be improper for us to construe the statute as though these two requirements were interchangeable."); see also Cornerstone Staffing Solutions v. James, 2014 WL 1364993, at *2 (N.D. Cal. Apr. 7, 2014) (Seeborg, J) (denying request for interlocutory appeal because defendant fell far short of demonstrating that there was substantial ground for difference of opinion and because interlocutory appeal would not save the litigation from needless expense and delay).

### ii. Substantial ground for difference of opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) ("Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" Couch, 611 F.3d at 633.

### iii. Whether immediate appeal would materially advance the termination of the litigation

"This factor is closely related to the question of whether an issue of law is 'controlling' 'in that the [district court] should consider the effect of a reversal ... on the management of the case.'" Lakeland Vill. Homeowners' Ass'n v. Great Am. Ins. Co., 727 F.Supp.2d 887, 896 (E.D. Cal.

2010). Section 1292(b) does not require "that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese, 643 F.3d at 688 (noting that the district court found that reversal of the order may take a defendant and claims out of the case, which was "sufficient to advance materially the litigation"); see also Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F.Supp.2d 1081, 1093 (E.D.Cal.2008) ("[T]he Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action"). "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." Allen v. ConAgra Foods, Inc., No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (citation omitted).

## IV. DISCUSSION

### A. The Parties' Positions

#### 1. Defendant's Position

##### a. Rule 54(b)

Defendant contends that entering final judgment under rule 54(b) is proper for two reasons: (1) whether investigators are classified as exempt is the primary legal dispute in this case and thus is the threshold issue of liability; and (2) this Court's application of the FLSA to the special investigators role at FIE raises a novel issue of law on whether the reporting of claims by special investigators to government agencies should be considered part of an investigator's primary duty Dkt. No. 163 at 1.

Defendant states that the court adjudicated the main cognizable claim for relief in this case and disposed of defendant's affirmative defense, which was that the special investigators were administratively exempt under the FLSA. Defendant argues that while the federal claims and the state law claims are only viable if FIE misclassified its investigators as exempt employees, the exemption claims and the remaining state law claims do not overlap because the exemption issue focuses on the investigators' job duties and FIE's expectations of that job, and the remaining claims involve merely the amount of damages to be awarded. Thus, defendant argues, if the Ninth Circuit reverses this court's decision, a trial would not be necessary.

Defendant further argues that the classification of special investigators, and FIE's affirmative defense to the classification under the administrative exemption, are severable from the remaining derivative claims because: (1) the May 15 order classified all investigators as non-exempt employees, so there are no classification claims left for trial; and (2) the remaining claims for trial, while all derivative of the administrative exemption claim, implicate different factual and legal issues, mainly, as Defendant points out, the primary duties of the investigators requires a separate analysis from the calculation and determination of damages and the determination of the correct statute of limitations to apply in this case. Thus, Defendant argues, none of the remaining claims require an analysis relevant to the misclassification determination.

Lastly, Defendant argues that certifying the exemption question for an immediate appeal would allow the Ninth Circuit to address for the first time whether insurance inspectors should be classified as exempt employees under the FLSA. Defendant points out that there is currently a split between the Fourth and Sixth Circuits on the correct application of the FLSA administrative exemption. Thus, Defendant argues, that there is a no reason to delay judgment.

### b. Interlocutory Appeal § 1292(b)

In the alternative, Defendant asks this Court to certify Plaintiff's exemption claim for an interlocutory appeal under 28 U.S.C. section 1292(b). Defendant argues that the Court's May 15, 2019 Order involves a controlling question of law, as which there is a substantial ground for difference in opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. Defendant asserts that this lawsuit stands or falls on the determination of whether the special investigators come within the administrative exemption requirements of the FLSA. Defendant argues that if the Ninth Circuit were to reverse this court's decision on the administrative exemption claim, that reversal would end the litigation, so this Court's order is a controlling question of law.

Second, to show that there is substantial ground for difference of opinion, Defendant points to the split between in the Fourth and Sixth Circuits on the application of the administrative exemption of the FLSA to fraud investigators employed by insurance companies. Compare Calderon v. GEICO Gen Ins. Co., 809 F.3d 111 (4th Circ. 2015) with Foster v. Nationwide, 710

F.3d 640 (6th Circ. 2013). Finally, and similarly to Defendant's 54(b) argument, defendant maintains that an immediate appeal will materially advance the end of this litigation because a Ninth Circuit reversal of this Court's May 15 order would terminate the litigation and thus insure that resources would not be wasted on useless pre-trial discovery. Dkt. No. 163 at 11.

### 2. Plaintiffs' Position

#### a. Rule 54(b)

Plaintiff argues that Defendant's Rule 54(b) request should be denied because there is no final judgment. Plaintiff maintains that a monetary amount must be determined to issue a final order. Plaintiff and Defendant agree that the Court's summary judgment order determined liability, but relying on Calderon v. GEICO Gen Ins. Co., 754 F.3d 201 (4th Cir. 2014), Plaintiff argues that the Court's order is not sufficient to create an enforceable judgment without a fixed amount of damages. Calderon, 754 F.3d at 207 (in a civil damage suit, a judgment for the plaintiff that determines liability but does not affix damages is appealable solely under 28 U.S.C. § 1292(b)). Thus, Plaintiff argues that the order is not final.

#### b. Interlocutory Appeal § 1292(b)

Plaintiff argues that Defendant's request for an interlocutory appeal under section 1292 is untimely. Plaintiff asserts that since Defendant did not make the request within 10 days of the May 15 order, the motion should be rejected.

Plaintiff also argues that Defendant has not satisfied the requirements for an interlocutory appeal under section 1292(b). First, plaintiff argues that the investigators exemption status does not present a pure question of law. Plaintiff rejects Defendant's argument that the correct standard to determine a purely legal question is whether a Ninth Circuit reversal would end the litigation. Plaintiff argues that the application of the administrative exemption is a mixed question of law and fact, not a purely legal question. For support, Plaintiff cites to both this Court's summary judgment order, and to Fenton v. Farmers Ins. Exchange, 2010 WL 1006523, at *1 (D. Minn. March 16, 2010), which stated that the application of its intensive fact determination of eligibility for the administrative exemption was not a controlling question of law. Plaintiff also relies on Tsyn v. Wells Fargo Advisors, LLC, 2016 WL 1718139 (N.D. Cal Apr. 29, 2016), which held that

10

"it would not warrant a § 1292(b) appeal simply because another district court reached a different decision in a broadly similar case." Id. at *4.

Second, plaintiff maintains that there is no substantial ground for difference of opinion. Plaintiff argues, again relying on Tsyn, 2016 WL 1718139, at *4, that one court's reaching a different conclusion in a broadly similar case does not qualify for interlocutory review. While the Plaintiff acknowledges the split in authority between the Circuit Courts on the directly related prong of the administrative exemption, Plaintiff maintains that the split was due in part to factual distinctions between the two cases and also whether an inspector's ancillary work is encompassed within the directly related prong of the FLSA. However, Plaintiff argues that the "ancillary work test" has already been rejected by the Ninth Circuit and thus, there is no substantial ground for a difference in opinion to justify an immediate appeal.

Lastly, Plaintiff argues that an appeal will not materially advance the litigation. While Plaintiff admits that a full reversal by the Ninth Circuit would likely avoid the need for trial, Plaintiff argues that the more likely outcome of an appeal is either the Court affirming this court's decision or reversing in part and finding factual disputes, which would require a trial. Thus, Plaintiff argues that an appeal would only serve to delay a trial and likely result in multiple appeals.

**B.     Analysis**

**1.     Defendant Has Not Met Rule 54(b)'s Standards or 1292(b)'s Requirements for Interlocutory Appeal**

Defendant's motion does not meet the standards under either Rule 54(b) or 28 U.S.C. § 1292(b). Although the underlying question of whether these Plaintiffs are properly qualified as exempt or nonexempt under federal and state law is not an easy one, Defendant has not shown that this case presents extraordinary circumstances, or that the threshold requirements for entering judgment under Rule 54(b) or allowing interlocutory appeal have been met. While there is overlap among the Rule 54(b) and § 1292(b) factors, Defendant's briefing conflates some of the factors. Its primary argument is that different district and circuit courts are reaching different conclusions on the administrative exemption question than the conclusion reached by this Court on May 15,

11

2019.

First, a determinative ruling on the employee classification question from the Ninth Circuit would not control all claims or defenses in this lawsuit. If there is a trial and Defendant appeals the verdict, the Ninth Circuit may determine that, in this case, evidence that came out in trial contradicts the undisputed facts that the Court considered when adjudicating the parties' summary judgment motions such that a remand is appropriate and further proceedings are necessary to reevaluate the nature of the Plaintiffs' duties as applied to federal and state labor and employment statutes. Although the claims here differ from those in the Tessera litigation, the situation here echoes the Ninth Circuit's holding there: "the 'order does not present final adjudication of a complete claim on the facts, the theories for relief, or the parties.'" 743 Fed.Appx. at 141-42 (citations omitted).

Second, Plaintiffs have not shown that there is a substantial ground for difference of opinion. The submitted opinions suggest that reasonable minds may differ, but they do not meet the substantial requirement. The Court squarely addressed this issue in its May 15, 2019 Order and discussed in detail the different results in the Calderon and Foster cases from the Fourth and Sixth Circuits, respectively, as well as authority from the Ninth Circuit in the McKeen-Chaplin opinion (which sided with Calderon and several opinion letters from the Department of Labor finding that factual investigations, like the ones conducted by the Plaintiffs here, do not constitute administrative work that falls within the scope of the administrative exemption). The fact that different courts are reaching different conclusions on the administrative exemption issue is not a basis to enter judgment under Rule 54(b) nor certify the May 15, 2019 Order for interlocutory appeal.

Finally, Defendant has not met its burden to demonstrate that an immediate appeal will materially advance the termination of the litigation. Based on the Ninth Circuit's ruling in McKeen Chaplin, it is far from clear that an interlocutory appeal likely would accelerate the pace of this litigation and minimize either side's burden. Instead, an appeal of this issue could delay the ultimate termination of this case. Accordingly, the Court finds that this case is not an exceptional one that warrants interlocutory appeal.

Furthermore, even if Defendant had met the standard, this case is not appropriate for the Court to exercise its discretion to allow such an unusual acceleration of appellate review, for all the reasons stated above.

### 2. Defendant's Motion is Untimely

Defendant did not file its motion for interlocutory appeal until nearly 45 days after the Court's May 15, 2019 Order. In its Reply to Plaintiffs' argument that its motion is untimely, Defendant explains that part of the reason for the delay was to wait for Plaintiffs' initial proposed trial plan in order to incorporate portions of that plan in its motion for interlocutory appeal. Dkt. No. 165 at 8.

Defendant's explanation for its delay in seeking certification does not provide a sound basis to effectively nullify the speed contemplated by the ten-day limitation set forth in section 1292(b). It also cuts against Defendant's argument that the administrative exemption question is a controlling one of law. If this were true, there would appear to be no need or justification to wait to see Plaintiffs' trial plan to inject it into the present dispute on an issue of law. Defendant's present motion should stand on its own. Accordingly, as an alternative basis, the Court denies Defendant's motion as untimely. Weir, 915 F.2d at 287 (holding that later certification is proper "only if there is a reason for the delay").

## V. CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 9, 2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge