Matthew C. Helland, CA SBN 250451
helland@nka.com
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St.
Suite 810
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Matthew H. Morgan, MN SBN 304657
morgan@nka.com
Reena I. Desai, MN SBN 0388311
rdesai@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
*Admitted pro hac vice*

Attorneys for Plaintiffs and the putative
classes

Andrew M. Paley, CA SBN 149699
apaley@seyfarth.com
Sheryl L. Skibbe, CA SBN 199441
sskibbe@seyfarth.com
Ryan McCoy, CA SBN 276026
rmccoy@seyfarth.com
SEYFARTH SHAW LLP
560 Mission St., 31st Floor
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants Farmers Insurance
Exchange.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David DeLuca and Barry Francis, individually, on behalf of others similarly situated, and on behalf of the general public, and Melissa Laughlin, individually. | **Case No. 3:17-cv-00034-EDL** |
| | **SETTLEMENT AGREEMENT** |
| Plaintiffs, | |
| v. | |
| Farmers Insurance Exchange, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is voluntarily made and entered into this 27 day of May 2020, by and between Defendant Farmers Insurance Exchange ("Farmers"), and Named Plaintiffs David DeLuca, Barry Francis ("Named Plaintiffs"), individually and on behalf of the Class (as defined below), and Melissa Laughlin, individually, by and through their counsel of record, subject to the approval of the Court, as provided below.  This Settlement Agreement is intended by Named Plaintiffs and Farmers to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof, as follows:

1.  **Recitals.**

On January 4, 2017, Plaintiffs David DeLuca and Barry Francis filed a putative opt-in collective action and Rule 23 class action complaint on behalf of themselves and others similarly situated, styled *DeLuca et al. v. Farmers Insurance Exchange*, *et. al*, No. 3:17-cv-00034-EDL (N.D. Cal) (the "Action"), alleging that Defendant improperly classified its special investigators as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and under California law.  Plaintiffs claim that Farmers failed to properly compensate them for all hours worked, and assert claims for unpaid wages and ancillary penalties and damages under the FLSA and California law.  Plaintiffs also alleged violations of California meal and rest break requirements.  Defendant filed its Answer to the Complaint on February 1, 2017, denying the allegations in the Complaint and raising affirmative defenses. The Court conditionally certified the case as a collective under the FLSA on August 15, 2017. On February 27, 2018, the Court granted Rule 23 class certification of a class of special investigators who worked for Farmers in California between January 4, 2013 through February 27, 2018 (the "Class Period") with regard to the overtime, wage statement, Labor Code section 203, and second meal break violation claims.  The Parties subsequently stipulated to decertification of the meal break claims.

On February 19, 2020, the Parties participated in a mandatory settlement conference with Magistrate Judge Westmore. That settlement conference ended with the Parties agreeing in principle to the financial terms of a settlement that would fully resolve this matter, subject to the

2

Court's approval. The Parties then negotiated the remaining terms of the Settlement which are now memorialized in this Agreement.

## 2.    **Definitions.**

For purposes of this Settlement Agreement, the following definitions shall apply, in addition to the definitions set forth in other Sections of this Settlement Agreement:

A.   "Plaintiffs" shall mean and refer to the 78 individuals included within the scope of this Settlement; each may be referred to individually as a "Plaintiff."  A list of the Plaintiffs is set forth in Exhibit A.  "Plaintiffs" includes (1) the Named Plaintiffs, David DeLuca, Barry Francis, and Melissa Laughlin, (2) the "Opt-in Plaintiffs," those 37 individuals who filed timely consent forms to join the Action and did not revoke their consent during the course of the Action, or have their FLSA claims dismissed, and (3) the "Rule 23 Class Members," those 57 individuals who worked for Farmers as special investigators in California during the Class Period. Seventeen of the Opt-In Plaintiffs also are part of the certified Rule 23 Class. Plaintiff Melissa Laughlin alleges a claim under New York State law only and does not have a claim under the FLSA or California State law.

B.   "Notice of Settlement" shall mean the written notices provided to all Plaintiffs advising them of this Settlement, a copy of which is attached as Exhibits B, C, and D.

C.   "Participating Plaintiffs" shall mean any Opt-in Plaintiff who are included within the scope of the Settlement and who timely execute and return a "Release of Claims Form," an example of which is contained in Exhibits C and D, and the Rule 23 Class Members.

D.   "Rejecter" shall mean any Opt-in Plaintiff within the scope of the Settlement who communicates a written rejection within the timeline outlined in Section 6.

E.   "Non-Responder" shall mean any Opt-in Plaintiff within the scope of the Settlement who does not return a signed Release of Claims Form and does not meet the definition of a Rejecter (i.e., who does not respond to the notice).

3

F. "Released Claims" shall mean and refer to the claims released by the Participating Plaintiffs as set forth in Section 13.

G. "Parties" shall mean and refer to Plaintiffs and Defendant, collectively; each may also be referred to separately as a "Party."

H. "Class Counsel" shall mean the law firm of Nichols Kaster, PLLP.

I. "Administrator" means CPT Group, Inc.

J. "Released Parties" as used herein means Defendant Farmers Insurance Exchange and all of its former, present, or future parents, subsidiaries, affiliates, partners, officers, governors, employees, agents, shareholders, attorneys-in-fact, and the predecessors, and successors, assigns, and legal representatives of all such entities and individuals, including but not limited to  Farmers Insurance Company, Inc., Farmers Group, Inc., and any profit-sharing, savings, health and other employee benefit plans or any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, fiduciaries, and other persons acting on their behalf, and each of them.

K. "Preliminary Approval" refers to the date on which the Court grants preliminary approval of the Settlement.

L. "Final Approval Order" refers to the final order by the Court approving the Settlement following the Fairness Hearing.

M. "Final Effective Date" refers to the first day after the date by which both of the following as occurred: (i) final approval of the Settlement is granted by the United States District Court, Northern District of California, or other court assuming jurisdiction of this matter, and (ii) the Court's Judgment approving the Settlement becomes Final.  Final shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court, or, (ii) if a petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such petition; or (iii) if

4

no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.

### 3.   **The Settlement.**

The Settlement includes all Plaintiffs listed on Exhibit A.

Defendant agrees to pay a maximum amount of $5,400,000.00 (the "Settlement Amount"), to resolve all of Participating Plaintiffs' Released Claims as described in Section 13. The Settlement Amount includes all amounts to be paid by Defendant for payments to the Participating Plaintiffs including enhancement awards, Class Counsel's attorneys' fees, settlement administration costs, litigation costs, and expenses of Class Counsel. All applicable federal, state, and local taxes, and other withholdings on amounts attributable to claims for unpaid wages shall be deducted from each Plaintiff's Individual Settlement Allocation. Defendant's share of payroll taxes on amounts allocated to settle claims of unpaid wages under this Agreement shall be paid separately, and not from, the Settlement Amount.

Class Counsel has computed a reasonable allocation of the Settlement Amount among the Plaintiffs (the "Individual Settlement Allocation") based on each Plaintiff's payroll records, and Class Counsel's estimate of each Plaintiff's hours worked during the relevant time period of their employment with Farmers. Exhibit A sets forth the Individual Settlement Allocation for each Plaintiff, to be paid from the Settlement Amount.  The estimate of each person's Individual Settlement Allocation an assumption that the Court approves all the anticipated fees, costs, administration costs, and enhancements that Class Counsel intends to requests. If the Court does not approve all requested fees, costs, and enhancements, each Plaintiff's Individual Settlement Allocation may vary from the estimate set forth in Exhibit A.

Payments to Plaintiffs pursuant to this Settlement Agreement are not intended by the Parties to be compensation for purposes of determining eligibility for or benefit calculations of any health and welfare benefit plan, retirement benefit plan, vacation benefit plan, unemployment compensation, including, without limitation, all plans, subject to Employee Retirement Income Security Act ("ERISA").  The Parties agree that the payments are not intended to represent any modification of any employee's previously-credited hours of service or

5

other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy.

Subject to Court approval, Plaintiffs Francis and Deluca, as the Rule 23 Class Representatives, and Class Counsel intends to request the Court approve a $10,000 named plaintiff enhancement award to be paid out of the Settlement Amount. Also subject to Court approval, Class Counsel intends to request that the Court approve an enhancement award of $1,000 to each Plaintiff who was deposed in this matter, excluding the Named Plaintiffs, although Defendant reserves the right to dispute the reasonableness of these awards. The approval of enhancement awards in the amounts sought is not a material term of this Agreement and the award of any of these items at less than requested by Class Counsel does not give rise to a basis to abrogate this Agreement.   If the Court does not approve the full amount of enhancement awards requested by Class Counsel, the other terms of this Agreement shall apply. Any requested amounts that are not approved by the Court will be apportioned to the Plaintiffs' Individual Allocation on a pro rata basis.

The Net Settlement Amount is the Settlement Amount minus the Court approved enhancement awards, Court approved attorneys' fees and costs, Court approved settlement administration costs, and the Individual Settlement Allocations allocated to all Rejecters and Non-Responders.   The Net Settlement Amount is the maximum available for distribution to the Opt-In Plaintiffs and Rule 23 Class Members.

**4.**     **Class Certification Under Fed. R. Civ. P. 23.**

Pursuant to Federal Rule of Civil Procedure 23, the following is the previously certified class:

California Class: All persons who were or are employed by Defendant in the State of California as special investigators, senior special investigators, or general special investigators, other than those in the "Nationals" group, at any time within four (4) years prior to the date of the filing of this Complaint through February 27, 2018, the date class certification was granted.

**5.**     **Notice of Settlement; Options to Respond.**

6

Class Counsel will be responsible for calculating each Plaintiff's Individual Allocation based on Class Counsel's estimate of hours worked by each Plaintiff during the relevant time period of their employment with Farmers. The Administrator will be responsible for distributing the Notice of Settlement, attached hereto as Exhibits B, C, and D, to the Plaintiffs within 7 days of Preliminary Approval.

a. Opt-in Plaintiffs will have forty-five (45) days from the date of mailing of the Notice of Settlement to respond in writing to the Settlement ("Response Period"). In order to participate in the Settlement and receive payment, Opt-in Plaintiffs must submit a Release of Claim Form (attached as part of Exhibits C and D) to the Settlement Administrator. Opt-in Plaintiffs who do not respond to the Notice of Settlement by submitting a Release of Claim Form (Non-Responders) shall have their claims dismissed without prejudice, and shall have thirty (30) days from the date of the Final Approval Order to file a subsequent action in order to preserve consent-based tolling, and shall not receive any payment through the Settlement. Opt-in Plaintiffs who timely submit to the Settlement Administrator a request to withdraw their consent to join form (Rejecters) shall have their claims dismissed without prejudice, and shall have thirty (30) days from the date of the Final Approval Order to file a subsequent action in order to preserve consent-based tolling, and shall not receive any payment through the Settlement. The Individual Settlement Allocation for each Rejecter and Non-Responder, if any, shall be deducted from the Settlement Amount, and Farmers shall be not required to fund the Rejecters' or Non-Responders' portion of the Settlement Amount.

b. Rule 23 Class Members will have 45 days from the date of mailing of the Notice of Settlement to submit a written objection. The Notice will provide that Rule 23 Class Members who wish to object to the Settlement must file with the Court and serve on the Settlement Administrator, not later than forty-five calendar days after the date the Settlement Administrator initially mails

7

the Notice to the Class Members ("Objection Deadline"), his or her objections to the settlement, the reasons therefore, and any supporting papers objecting to the Settlement, unless a longer time is required by the Court. The statement will indicate whether the Rule 23 Class Member intends to appear and object to the Settlement at the hearing for the Final Approval Order. A Rule 23 Class Member who does not file and serve an objection in the manner and by the deadline specified in the Notice will be deemed to have waived all objections and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise. The Settlement Administrator shall send all objections to counsel for Defendant and Class Counsel not later than two business day after receipt of said objections.

c.  <u>Opt-in Plaintiffs who are also Rule 23 Class Members</u> will have the same rights as other Opt-in Plaintiffs as to the FLSA portion of their Individual Settlement Allocation, and the same rights as other Class Members as to the California portion of their Individual Settlement Allocation. Such Opt-in Plaintiffs who are also Rule 23 Class Members will receive their full Individual Settlement Allocation, only if they timely execute a Release of Claims form. If an Opt-In Plaintiff, who also is a Rule 23 Class Member, is a Rejecter or a Non-Responder, then he/she shall not receive the portion of his/her Individual Settlement Allocation attributed to the release of FLSA claims, but will still be entitled to receive the portion of his/her Individual Settlement Allocation attributed to the release of California state law claims.

In addition to the mailing of the Settlement Notice by the Administrator, Class Counsel shall make all reasonable efforts to communicate each Plaintiff's Individual Settlement Allocation and to gather signed Release of Claims Forms from each Opt-in Plaintiff and Named Plaintiff. In the event any Settlement Notice is returned undeliverable, the Administrator and/or Class Counsel shall perform a skip trace and take any other reasonable steps to ensure the Settlement Notice is received by the Plaintiff.

8

6.     **Effect of Rejection**.

Rejecter(s) shall be dismissed without prejudice and will not be bound by the release outlined in Section 13.  Any Rejecter shall have thirty (30) days from the date of the Final Approval Order within which to file a subsequent claim should he or she choose to do so, in order to receive the benefit of the additional 30 days of tolling provided by this Settlement. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of this additional 30 days of tolling that would otherwise have resulted from this Settlement, but not the consent-based tolling from the pendency of this case. Rejecters shall not receive any share of the Settlement Amount, and will have their claims dismissed without prejudice upon final approval by the Court. The Individual Settlement Allocation for each Rejecter shall be deducted from the Settlement Amount, and Farmers shall be not required to fund the Rejecters' portion of the Settlement Amount.

7.     **Effect of Non-Response**.

Any Non-Responder shall be dismissed without prejudice and will not be bound by the release outlined in Section 13.   Non-Responders will not receive any settlement amount, including their Individual Settlement Allocation. Any Non-Responder shall have thirty (30) days from the date of the Final Approval Order within which to file a subsequent claim should he or she choose to do so, in order to receive the benefit of the additional 30 days of tolling provided by this Settlement. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of this additional 30 days of tolling that would otherwise have resulted from this Settlement, but not the consent-based tolling from the pendency of this case. The Individual Settlement Allocation for each Non-Responder, if any, shall be deducted from the Settlement Amount, and Farmers shall be not required to fund the Non Responder portion of the Settlement Amount.

Rule 23 Class Members do not need to respond in order to be included in the Settlement. Rule 23 Class Members shall receive a distribution through the Settlement, and shall have their California claims dismissed <u>with</u> prejudice upon final approval in accordance with this Settlement.

9

1

      **8.**     **<u>Designation of Types of Payments</u>.**

2

      The Parties agree that 50% of the Individual Settlement Allocation to each Plaintiff shall

3

be treated as payment for the settlement of disputed claims for unpaid wages and 50% shall be

4

treated as payment for the settlement of disputed claims for penalties, interest, and liquidated

5

damages. Enhancement awards will be reported on a 1099.

6

      **9.**     **Settlement Administration**.

7

      The Parties agree to mutually select CPT Group, Inc. to serve as the Settlement

8

Administrator in this Action.  This administration duty shall include without limitation, setting

9

up an escrow account for funding of the Settlement, obtaining tax identification number(s) for

10

Farmers applicable to the Settlement; performing an initial National Change of Address

11

("NCOA") search of the mailing addresses of Plaintiffs; mailing the Notice; performing one skip

12

trace on Notices returned as undeliverable; establishing a hotline telephone number to

13

communicate with Plaintiffs about the Settlement; reviewing and submitting to Class Counsel

14

and Defendant's counsel any received objections, Release of Claim forms, and requests to

15

withdraw consent to join forms; mailing the Individual Settlement Allocations, and tax forms to

16

the Participating Plaintiffs, and making all required distributions; make any cy pres payments;

17

and provide a report to Counsel for the parties of any individuals who did not cash or otherwise

18

negotiate their settlement checks 30, 60 and 75 days after distribution.  The Settlement

19

Administrator will report payment of the Individual Settlement Allocations to all required taxing

20

and other authorities, take appropriate withholdings, forward payments for withholdings and

21

employer's portion of payroll taxes and requisite reporting documentation to the applicable

22

taxing agencies, and issue Internal Revenue Service Forms W-2s and 1099s.  The Settlement

23

Administrator will establish a Qualified Settlement Fund ("QSF"), pursuant to Section 468B(g)

24

of the Internal Revenue Service for the purposes of administering the Settlement.  Subject to

25

Court approval, all Settlement Administration Costs shall be taken from the Settlement Amount.

26

The Parties expect Settlement Administration Costs to not exceed $14,000.  Any unapproved

27

amount of Settlement Administration Costs shall be allocated to the Net Settlement Amount and

28

apportioned to the Individual Settlement Allocations.  The award of Settlement Administrator

Costs in the amount sought is not a material term of this Agreement and the award of an amount less than requested by Class Counsel does not give rise to a basis to abrogate this Agreement.

Defendant shall deposit into an account set up by the Settlement Administrator equal to the Settlement Amount less any amounts allocated to Individual Settlement Allocations to Rejecters and Non-Respondents. The Settlement Administrator will be responsible for issuing settlement checks to Plaintiffs and payment to Class Counsel. From the wage portion of each Plaintiff's Individual Settlement Allocation, the Administrator shall withhold from such distribution all applicable federal, state, and local income and employment payroll taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur. Each Plaintiff's share of applicable federal, state, and local income and employment payroll taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Settlement Agreement ("Employee Taxes") shall be a part of, and paid out of and shall not be in addition to, the Settlement Amount.

The Administrator shall calculate the applicable federal, state, and local taxes that are normally payable by an employer from the employer's funds (for example, FUTA/SUTA and the employer's portion of FICA) ("Employer Taxes") based on the wage portion of each Participating Plaintiff's Individual Settlement Amount. Defendant shall be responsible for payment of Employer Taxes. Employer Taxes are separate from, and in addition to, the Settlement Amount.

The Settlement Administrator shall provide Defendant's counsel and Class Counsel with weekly summary reports, including the total number and identities of the individuals: whose Notices were returned as undeliverable, who objected to the settlement, who signed and returned Release of Claims forms, and who requested permission to withdraw their consent to join form. The Settlement Administrator shall maintain records of its work, which shall be available for inspection upon request by Defendant's counsel or Class Counsel.

Other than the obligations set forth in this Settlement Agreement, Defendant shall have no additional obligation to identify or locate any Plaintiff, or have any liability in connection with the provision of information to the Settlement Administrator or otherwise.

**10.** <u>**Settlement Payment and Distribution of Checks to Participating Plaintiffs**</u>.

Within seven (7) calendar days of the Final Effective Date, Defendant shall fund the settlement account; within seven (7) calendar days of receiving funds from the Defendant, the Administrator shall make the settlement payments to Participating Plaintiffs and any approved attorneys' fees and costs.

Checks to Participating Plaintiffs shall indicate on their face that they will be void after ninety (90) days of issuance. Accordingly, Participating Plaintiffs shall have ninety (90) calendar days from check issuance to cash, deposit, or otherwise negotiate each of their Settlement checks. Promptly at the end of the 90-day period, the Settlement Administrator will send the value of all uncashed checks to the approved cy pres recipients.

The Administrator shall notify the Parties of the status of Settlement checks 30, 60 and 75 days after distribution. The Parties agree to work together in good faith to ensure that all Settlement checks are received and cashed by the Participating Plaintiffs. In the event that a Participating Plaintiff's Settlement check has been lost or stolen, Class Counsel will promptly notify the Administrator for reissuance, if appropriate. In no event will Farmers be required to add any amounts to the Settlement Amount for any reason, including because a Participating Plaintiff's Settlement check was lost or stolen, or because a Participating Plaintiff failed to cash his/her Settlement check.

No amount of the Settlement Amount will revert to Defendant, but Defendant will not be responsible for funding that portion of the Settlement Amount attributable to the Individual Settlement Allocations of Rejecters or Non-Responders. If any checks are not cashed, or for any other reason there is a residual amount of the settlement fund remaining after distribution and the expiration of the time period to cash settlement checks (90 days), that amount will be donated fifty percent to Legal Aid at Work and fifty percent to Bet Tzedek as a *cy pres* beneficiaries, subject to approval by the Court.

**11.** <u>**Taxation and No Tax Advice.**</u>

Each Participating Plaintiff shall be obligated to obtain his or her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all

12

payments he or she receives pursuant to this Settlement Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received under this Settlement Agreement, without any contribution whatsoever from Defendant or Class Counsel. Nothing in this Settlement Agreement shall be construed as Defendant, Defendant's Counsel Seyfarth Shaw LLP, or Class Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Participating Plaintiff's participation in any portion of this Settlement Agreement.

    12.    **Attorneys' Fees and Costs**.

    Class Counsel may request Court approval for payment of up to 30% from (and not in addition to) the Settlement Amount, or $1,620,000, as payment for its attorneys' fees.  Class Counsel may also request Court approval for reimbursement of up to $100,000 from (and not in addition to) the Settlement Amount in costs.  The Notice of Settlement will inform Plaintiffs of Class Counsel's attorneys' fees and costs request.  The award of an attorneys' fees and costs by the Court in the amounts sought is not a material term of this Agreement and the award of any of these items at less than requested by Class Counsel does not give rise to a basis to abrogate this Agreement.  If the Court does not approve the full amount of attorneys' fees or costs requested by Class Counsel, the other terms of this Agreement shall apply.  Any requested amounts that are not approved by the Court will be apportioned to the Plaintiffs' Individual Settlement Allocation on a pro rata basis.

    The Administrator shall wire transfer the attorneys' fees and costs approved by the Court to Class Counsel within seven (7) days of receipt of the funds.  The Administrator will issue Nichols Kaster, PLLP an IRS Form 1099 for the attorneys' fees and costs approved by the Court.

    13.    **Release**.

    Named Plaintiffs Deluca and Francis agree to generally release the Released Parties from any and from all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses, and losses and issues of any kind or nature whatsoever, that they have or may have had against any of the Released Parties through the date of execution of this

Settlement Agreement ("Representative Plaintiffs' Released Claims").  Named Plaintiffs Deluca and Francis acknowledge that they may have claims that are presently unknown and that the release of Named Plaintiffs' Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against the Released Parties, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release.  In making this waiver, Named Plaintiffs Deluca and Francis agree that, although they may discover facts in addition to or different from those that are currently known or believed to be true with respect to Representative Plaintiffs' Released Claims, it is their intention to fully, finally, and forever settle and release any and all Representative Plaintiffs' Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

Named Plaintiffs Deluca and Francis warrant and represent that they have not assigned or, transferred, to any person or entity any of Named Plaintiffs' Released Claims or any rights, claims, or causes of action arising out of Named Plaintiffs' Released Claims.  In addition, Named Plaintiffs shall defend, hold harmless, and indemnify the Released Parties, or any of them, from and against any claims, damages, litigation, causes of action, and expenses, including reasonable attorneys' fees, resulting from any breach by Named Plaintiffs of this warranty and representation, or any breach by Named Plaintiffs of their release of Named Plaintiffs' Released Claims.

Named Plaintiff Laughlin knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases the Released Parties  from/for any and all claims and causes of action for unpaid minimum wages and overtime compensation, record keeping or wage statement violations, failure to timely pay wages, liquidated damages, penalties, and interest under the New York State law while or she was employed by Defendant as a salary grade 32, 33, or 34 Special Investigator, other than in the Nationals Group, up to the date of Preliminary Approval.

It is understood and agreed that upon the Final Approval Order, any Participating Opt-in

Plaintiff shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release the Released Parties  from/for any and all claims and causes of action for unpaid minimum wages and overtime compensation, liquidated damages, penalties, and interest under the Fair Labor Standards Act while he or she was employed by Defendant as a salary grade 32, 33, or 34 Special Investigator, other than in the Nationals Group, up to the date of Preliminary Approval ("Opt-In Plaintiffs' Released Claims").  An Opt-In Plaintiff who also is a Rule 23 Class Member shall also release his/her Rule 23 Released Claims as set forth below.

It is understood and agreed that upon the Final Approval Order, any Rule 23 Class Member shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Released Parties from/for any and all claims and causes of action for unpaid minimum wages and overtime compensation, record keeping or wage statement violations, failure to timely pay wages, and waiting time penalties, and civil and statutory penalties attributable to the underlying claims (excluding penalties available under the Private Attorneys General Act) and interest under California law arising out of the released claims, while the Rule 23 Class Member was employed by Defendant as a salary grade 32, 33, or 34 Special Investigator, other than in the Nationals Group, up to the date of Preliminary Approval ("Rule 23 Released Claims"). This release is limited to the Rule 23 Class Members' wage and hour claims currently in this case, and is not a general release. Any such Rule 23 Class Member shall be deemed to have expressly waived the rights and benefits they may otherwise have had relating to these Released Claims consistent with Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her Settlement with the debtor.

### 14.   No Admission of Liability.

Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendant or the Released Parties. Defendant and the Released Parties deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.

15.     **Effect of Settlement Not Being Final.**

In the event that the Settlement does not become Final, then the Settlement Agreement shall become null and void, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all Parties hereto, and all Parties and their respective predecessors and successors shall be deemed to have reverted to their respective positions in the Action as of the date and time immediately prior to the execution of this Settlement Agreement.  If the Court does not approve either preliminarily or finally any material term or condition of the Settlement Agreement, or if the Court effects a material change to the Parties' settlement, then this entire Settlement Agreement will be, at either Party's discretion, voidable and unenforceable. The Settlement shall not constitute, in this or any other proceeding, an admission of any kind by Defendant that certification of a class or collective action is appropriate or proper.  In the event that the Settlement is not finally approved, or the Settlement is otherwise terminated, Defendant expressly reserves all rights to challenge certification of any class or collective action on all available grounds, including, without limitation, seeking to decertify the class and collective action on the grounds, among others, that the claims asserted cannot be manageably tried consistent with Due Process.

16.     **Inadmissibility of This Agreement.**

This Settlement Agreement is a settlement document and shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

17.     **Reasonable Compromise of Bona Fide Dispute.**

The Parties agree that the terms of this Settlement Agreement represent a reasonable compromise of disputed claims and issues following a mandatory settlement conference with a respected Magistrate Judge of the Northern District of California, arising from a bona fide dispute over the merits of Plaintiffs' claims and Defendant's defenses, and agree to represent the same to the Court. The Parties further agree that the Settlement is a fair, reasonable, and adequate resolution of Plaintiffs' claims.

18.     **Voiding the Agreement.**

Defendant retains the right to void, at its sole discretion, the Settlement Agreement if three or more of the Opt-In Plaintiffs do not sign Release of Claim Forms (whether because they are Rejecters or Non-Responders). Defendant shall communicate their desire to exercise this option in writing via email and U.S. mail to Daniel Brome, Nichols Kaster, LLP, 235 Montgomery Street, Suite 810, San Francisco, CA 94104, dbrome@nka.com. If Defendant desires to exercise this option, it must do so within seven (7) days after the Administrator provides Defendant the final list of Participating Plaintiffs, Rejecters, and Non-Responders, unless such deadline is extended by mutual agreement of the Parties.

19. **Effect of Disapproval or Reduction in Attorneys' Fees by the Court**.

If, in approving this Settlement Agreement, the Court declines to approve the requested amount of Class Counsel's requested attorneys' fees or costs, such reduction shall not be considered a material breach or change to this Settlement Agreement, shall not be a ground to terminate and void this Settlement Agreement. Any such reduction in the attorneys' fees or costs may be appealed by Class Counsel, however, such an appeal may result in a delay in payment to Plaintiffs of the amounts contemplated in this Agreement.

20. **Timeline of Settlement Events.**

The Parties agree to the following timeline for completion of Settlement:

- **May 27, 2020:** Deadline to file Motion for Preliminary Approval. Defendant's counsel will be given an opportunity to comment on said motion prior to filing, and such comments shall be implemented to the extent they are deemed reasonable by Plaintiffs and Class Counsel. Defendant reserves the right to file any responsive pleading following the filing of said motion.

- **7 days after Preliminary Approval**: Deadline to mail Settlement notices. The date on which the Settlement notices are mailed shall be referred to as the "Notice Mailing."

- **30 days after Notice Mailing**: Deadline to file motion for attorneys' fees.

- **45 days after Notice Mailing**: Deadline for Opt-in Plaintiffs to postmark or otherwise return Release of Claims forms, or file a request to withdraw

17

their consent to join forms.; deadline for Rule 23 Class Members to object to the settlement.

- **60 days after Preliminary Approval**: Deadline for Plaintiffs to file Motion for Final Settlement Approval.

- **7 days after Final Effective Date**: Defendant to fund settlement account.

- **7 days after the Effective Date**: Administrator to distribute Settlement payments to Participating Plaintiffs and to wire Settlement payment for attorneys' fees and costs to Class Counsel.

21.    **Mutual Full Cooperation.**

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement, and neither Party shall take any action to oppose implementation of this Settlement Agreement or any of its terms.

22.    **Communications.**

Unless otherwise specifically provided, all notices, demands, or other communications given under this Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To the Plaintiffs:**
Daniel Brome
Nichols Kaster, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
dbrome@nka.com

**To the Defendant:**
Ryan McCoy
rmccoy@seyfarth.com
Seyfarth Shaw LLP
560 Mission St., 31st Floor
San Francisco, CA 94105
Telephone: (415) 397-2853
Facsimile: (415) 397-8549

23.    **Construction.**

18

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement Agreement..

### 24.   **Captions and Interpretations.**

Section titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

### 25.   **Modification.**

This Settlement Agreement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Courts.

### 26.   **Integration Clause.**

This Settlement Agreement, including the attached Exhibits, contains the entire agreement between the Parties relating to the Settlement of the Actions, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 25.

### 27.   **Counterparts and Facsimile Signatures.**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  This Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

### 28.   **Applicable Law.**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of California, to the extent federal law does not apply.

**29.** <u>**Retention of Jurisdiction.**</u>

The Parties intend to request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated:  May__, 2020          NICHOLS KASTER, PLLP


By: _____
          Reena I. Desai
          Attorneys for Plaintiffs and the Rule 23 Class


Dated:  May  , 2020          SEYFARTH SHAW LLP


By: _____
          Andrew M. Paley
          Attorneys for Defendants


Dated: May  , 2020          Farmers Insurance Exchange

By: _____
          [name]
          Authorized Representative

Dated: May  , 2020          David Deluca

By: _____
          David Deluca


Dated: May  , 2020          Barry Francis

By: _____
          Barry Francis


Date:  May  , 2020          Melissa Laughlin

By: _____
          Melissa Laughlin

# EXHIBIT A

| Personnel Number | Optin | State Law | Pro Rata Allocation | Enhancement | Total Allocation |
|---|---|---|---|---|---|
| 70171712 | 1 | California | $76,064.28 | $1,000.00 | $77,064.28 |
| 70136989 | 0 | California | $48,267.12 | | $48,267.12 |
| 70090501 | 1 | California | $111,730.49 | | $111,730.49 |
| 70050187 | 1 | | $16,330.37 | | $16,330.37 |
| 70103154 | 1 | | $78,325.08 | | $78,325.08 |
| 70116282 | 0 | California | $50,755.71 | | $50,755.71 |
| 70175301 | 1 | | $28,604.24 | | $28,604.24 |
| 70103375 | 0 | California | $8,024.17 | | $8,024.17 |
| 70177593 | 0 | California | $47,236.07 | | $47,236.07 |
| 70128843 | 0 | California | $20,983.69 | | $20,983.69 |
| 70050139 | 1 | | $3,029.45 | | $3,029.45 |
| 10084757 | 0 | California | $46,338.26 | | $46,338.26 |
| 70126228 | 0 | California | $24,660.91 | | $24,660.91 |
| 70063666 | 0 | California | $57,398.62 | | $57,398.62 |
| 70144324 | 0 | California | $20,337.55 | | $20,337.55 |
| 10081766 | 0 | California | $1,938.58 | | $1,938.58 |
| 70135374 | 1 | California | $74,719.70 | $1,000.00 | $75,719.70 |
| 70150476 | 1 | | $13,014.22 | | $13,014.22 |
| 70050252 | 0 | California | $16,417.09 | | $16,417.09 |
| 10082529 | 1 | California | $54,894.07 | $1,000.00 | $55,894.07 |
| 70147770 | 1 | California | $13,411.91 | $10,000.00 | $23,411.91 |
| 70103381 | 0 | California | $11,539.23 | | $11,539.23 |
| 70103384 | 1 | California | $111,217.07 | | $111,217.07 |
| 10082716 | 1 | | $37,675.48 | $1,000.00 | $38,675.48 |
| 70056467 | 0 | California | $7,076.02 | | $7,076.02 |
| 70050259 | 1 | California | $94,582.20 | $10,000.00 | $104,582.20 |
| 70142335 | 0 | California | $29,966.90 | | $29,966.90 |
| 10082452 | 0 | California | $92,748.45 | | $92,748.45 |
| 70057062 | 1 | California | $141,816.95 | $1,000.00 | $142,816.95 |
| 70227070 | 0 | California | $23,673.06 | | $23,673.06 |
| 70050170 | 1 | | $15,532.99 | $1,000.00 | $16,532.99 |
| 70054501 | 1 | | $132,730.41 | $1,000.00 | $133,730.41 |
| 70125680 | 1 | California | $43,579.97 | $1,000.00 | $44,579.97 |
| 70095382 | 1 | California | $91,127.86 | $1,000.00 | $92,127.86 |
| 70201720 | 0 | California | $29,753.29 | | $29,753.29 |
| 70081664 | 1 | | $42,945.57 | | $42,945.57 |
| 70098607 | 0 | California | $28,833.14 | | $28,833.14 |
| 70059288 | 0 | California | $8,055.10 | | $8,055.10 |
| 70050258 | 0 | California | $41,866.24 | | $41,866.24 |
| 70124563 | 1 | California | $98,701.34 | $1,000.00 | $99,701.34 |
| 70050610 | 1 | | $5,490.25 | | $5,490.25 |
| 70050145 | 0 | California | $91,498.47 | | $91,498.47 |
| 70050149 | 1 | | $36,081.02 | | $36,081.02 |

| ID | | | State | Amount | Fee | Total |
|---|---|---|---|---|---|---|
| 70150091 | | 1 | New York | $76,955.43 | $1,000.00 | $77,955.43 |
| 70092839 | | 0 | California | $20,321.46 | $1,000.00 | $21,321.46 |
| 70050146 | | 1 | California | $54,180.52 | | $54,180.52 |
| 70136147 | | 0 | California | $31,218.95 | | $31,218.95 |
| 70050155 | | 1 | | $106,646.91 | $1,000.00 | $107,646.91 |
| 70056551 | | 0 | California | $62,877.69 | | $62,877.69 |
| 10083340 | | 1 | | $28,158.84 | $1,000.00 | $29,158.84 |
| 70050225 | | 0 | California | $0.00 | | $0.00 |
| 70054707 | | 1 | | $43,656.25 | $1,000.00 | $44,656.25 |
| 70056462 | | 0 | California | $31,972.62 | | $31,972.62 |
| 70103369 | | 1 | California | $156,611.76 | $1,000.00 | $157,611.76 |
| 70061786 | | 0 | California | $20,006.52 | $1,000.00 | $21,006.52 |
| 70094914 | | 0 | California | $24,293.67 | | $24,293.67 |
| 70122354 | | 1 | | $12,019.78 | $1,000.00 | $13,019.78 |
| 70169280 | | 0 | California | $30,645.32 | | $30,645.32 |
| 70050226 | | 1 | California | $64,634.52 | $1,000.00 | $65,634.52 |
| 70081293 | | 0 | California | $14,844.81 | $1,000.00 | $15,844.81 |
| 70221322 | | 0 | California | $1,256.46 | $1,000.00 | $2,256.46 |
| 70141098 | | 1 | | $69,169.24 | | $69,169.24 |
| 70116236 | | 1 | California | $40,533.13 | $1,000.00 | $41,533.13 |
| 70107714 | | 1 | | $44,673.16 | $1,000.00 | $45,673.16 |
| 10080953 | | 1 | | $35,624.40 | $1,000.00 | $36,624.40 |
| 70058199 | | 0 | California | $20,605.42 | | $20,605.42 |
| 70143817 | | 0 | California | $53,451.25 | | $53,451.25 |
| 70146701 | | 0 | California | $27,927.41 | | $27,927.41 |
| 70059127 | | 0 | California | $74,228.74 | | $74,228.74 |
| 70103378 | | 0 | California | $4,503.37 | | $4,503.37 |
| 70068480 | | 1 | California | $77,517.87 | $1,000.00 | $78,517.87 |
| 70049808 | | 1 | | $40,233.89 | | $40,233.89 |
| 70063314 | | 0 | California | $73,981.68 | | $73,981.68 |
| 70056242 | | 0 | California | $9,372.26 | | $9,372.26 |
| 10085722 | | 1 | | $135,882.90 | $1,000.00 | $136,882.90 |
| 70059047 | | 0 | California | $20,598.88 | | $20,598.88 |
| 70218498 | | 1 | California | $66,240.60 | | $66,240.60 |
| 70093495 | | 0 | California | $16,181.70 | | $16,181.70 |

# EXHIBIT B

UNITED STATES DISTRICT COURT –NORTHERN DISTRICT OF CALIFORNIA

# Notice of Class and Collective Action Settlement

**A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

**_YOU ARE NOT BEING SUED_.**

You are receiving this notice because you are a Class Member in the lawsuit entitled _Deluca v. Farmers Insurance Exchange_, (the "Lawsuit") which asserts claims that Farmers ("Defendant") violated state and federal wage and hour laws by, among other things, allegedly failing to pay for all overtime hours worked by Class Members during the Class Period, and failing to provide the California Class Members with compliant wage statements, and failing to timely pay overtime wages to the California Class upon termination of employment.  This notice is to inform you of the terms of a proposed settlement of the class and collective action lawsuit.

This proposed settlement has received _preliminary_ approval from the Court and will resolve all claims of the parties who wish to participate in the settlement. Because you previously received a notice that the Court certified this case as a class action lawsuit and you did not opt-out of the lawsuit in response to the prior notice, you are a member of the Settlement Class (i.e., a "Class Member").

Defendant denies all of the claims and allegations, denies that Plaintiffs or that any of the Class Members are entitled to any relief, and denies that absent a settlement, any class should be certified. Plaintiffs and Defendant recognizes the costs and risks of continued litigation, however, and believes that the proposed settlement is a fair and reasonable resolution. The settlement provides that Defendant will pay up to a maximum of $5,400,000 to settle this case (the "Settlement Fund").

The Court conditionally certified this lawsuit as a collective action under the federal FLSA on August 15, 2017.  Notice of the lawsuit was sent by mail and email to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims.  The Court later certified the case as a class action for the claims under California state law. Because you worked in California and did not opt-out of the class, you are a member of the certified California Class, and so may participate in this settlement as a Class Member for the claims the Lawsuit asserted under California state law, even if you did not join the lawsuit as a federal FLSA Opt-in Plaintiff.  This notice provides information on how to participate in the settlement and your options.

The Court has preliminarily approved the settlement. You will receive your share of the Settlement Fund through a settlement payment in the pre-tax amount that is estimated to be [$**XXXXXXX**].  This is just an estimate.  The actual amount you receive will depend on whether a number of factors, including whether the Court approves all of the fees, costs, and enhancement awards requested by Class Counsel.  As detailed below, you will receive that payment only after the Court grants final approval of the settlement.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A CHOICE TO MAKE NOW.  THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Do nothing.* | • You will receive a settlement check in the pre-tax amount estimated to be [$**XXXXX**].<br>• You will release your California state law wage and hour claims (defined in Question 6, below) and will be bound by the terms of the settlement as to those claims. You will give up your right to sue Defendant for these claims.<br>• *If you do not cash your settlement payment within 90 days after the check was issued,* you will still give up your right to sue Defendant under these state laws, but your payment will be donated to charity. | *You do not need to do anything to receive a settlement payment. You need only cash your check no later than 90 days after it is issued.*<br><br>*Please promptly notify the Claims Administrator if you move.* |
| *File an Objection* | • You can remain a Class Member and still write to the Court explaining why you disagree with the settlement.<br>• To object to the settlement, you **must** submit a written notice identifying your objection.<br>• Even if you object to the settlement, you will remain in the Settlement Class and will receive a payment, and will release your claims under California law, although the Court may order modifications to the settlement after considering the objections. | *The Objection must be sent to the Claims Administrator via email or mail postmarked no later than [DATE].* |
| *Appear at the Hearing* | • You can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [DATE]. This date may change without further notice.* |

Questions about the settlement should be directed to Class Counsel:

Daniel S. Brome
Nichols Kaster, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
(415) 277-7235

Reena I. Desai
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
(612) 256-3200

## 1.     WHY DID I GET THIS NOTICE?

The Court directed this Notice be sent to you because Defendant's records show that you worked for Defendant as a special investigator, senior special investigator, or general special

investigator, other than those in the "Nationals" group, in California at some point between January 4, 2014 and February 27, 2018, and  you previously received a notice that the Court certified this case as a class action and you did not opt-out of the case in response to that notice

This proposed settlement will affect your legal rights.  Therefore, it is important that you read this notice carefully.

| 2. | WHAT IS A CLASS ACTION? |
|---|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or "Class Members."  The Court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class.  Class Actions are brought under state law.  Here, a class action was brought for those Class Members who worked in California under California laws.  This lawsuit also covers the claims of the individuals who joined the collective action part of the case after receiving notice from the Court that it conditionally certified a collective action with regard to claims for unpaid wages under federal law.  Because you did not file a consent to join form in response to that notice, you are not part of that portion of the case.

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

The Lawsuit generally involves claims under federal and state wage and hour laws.  The Plaintiffs are former special investigators who worked for Farmers. Plaintiffs allege that Farmers misclassified special investigators as "exempt" employees, and failed to pay overtime premiums under applicable California and federal law for overtime hours worked. Additionally Plaintiffs allege that Defendant failed to provide compliant written wage statements, and failed to pay all final wages to the Class Members. Through the Lawsuit, Plaintiffs sought to recover unpaid wages, including overtime wages, statutory penalties, and other related relief.

Farmers denies all liability in the Lawsuit, that any of Plaintiffs' claims and allegations have merit, and denies that a class or collective action is proper for any purpose other than settlement. Plaintiffs believe that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |
|---|---|

The Honorable Judge Thomas S. Hixson of the United States District Court for the Northern District of California granted preliminary approval of the Settlement. On February 27, 2018 Judge Elizabeth D. Laporte (Ret.) certified the California claims  as a class action, and certified the following Class. This is the  California Class for purposes of this settlement:

- o **California Class:** All persons employed by Defendants in the State of California as special investigators, senior special investigators, or general special investigators,

3

other than those in the "Nationals" group, at any time within four (4) years prior to the date of the filing of this Complaint through February 27, 2018 who were classified as exempt from overtime pay under applicable law.

The settlement also includes individuals who opted into the lawsuit as an Opt-in Plaintiff and covers their claims for unpaid wages under federal law.  Additionally,  one Named Plaintiff brings claims individually under New York state law. The settlement also includes the two California Named Plaintiffs' claims for missed second meal periods; those claims are asserted on an *individual* basis, not on a class basis so Class Members like you are not releasing your claims for missed meal periods.

| 5. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

Under the terms of the Settlement, Farmers agrees to pay the "Total Settlement Amount" of up to $5,400,000. Deducted from the Total Settlement will be sums, to be approved by the Court, for Class Counsel's attorneys' fees and costs, settlement administration costs, and service payments to two of the Named Plaintiffs and other Class Members who were deposed in this case.   Class Counsel anticipates asking the Court to approve awards of 30% of the Total Settlement Amount ($1,620,000) for attorneys' fees, up to $100,000 in litigation costs to Class Counsel, up to $XX for the costs of settlement administration, up to $10,000 each in service payments to two Named Plaintiffs, and up to $1,000 each ($26,000 total) in payments to the 26 Opt-ins and Class Members who were deposed in the matter. The amount remaining after these items are deducted from the Total Settlement Amount is the Net Settlement Fund.

Each Class Member shall ultimately be entitled to a pro rata portion of the Net Settlement Fund, which will be based on a calculation performed using your dates of work and earnings history within the applicable statute of limitations (based on Defendant's records), and Class Counsel's estimate of an assumed number of hours worked per week that is either (a) taken from your deposition testimony (if you were deposed) or (b) the average number of weekly hours worked according to deposition testimony from 17 California Class Members.  A reduction was applied to the California state law claims of any Class Member who has been identified as previously releasing those claims through a separate lawsuit or severance. From this calculation, each Class Member was allocated her or his pro rata share of the Net Settlement Fund.  Based on your work records, your estimated settlement share, after attorneys' fees and costs, administration costs, and service and enhancement awards is **[XXX].**

Payments to Class Members will be reported as one-half W-2 wage earnings and one-half penalties, interest, and liquidated damages, reported on a 1099. Each Class Member will be responsible for the payment of any personal taxes owing on that amount.

| 6. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing, you still will receive a settlement payment and you will give up your state law wage and hour claims against Defendant.

If the Court approves the settlement,  settlement checks will be distributed to Class Members after the Court's order approving the settlement is final.

Through this settlement, you will knowingly and voluntarily, irrevocably and unconditionally, forever and fully release and covenant not to sue Defendant from/for the following claims (the "Released Claims"):

> Any and all claims and causes of action for unpaid minimum wages, overtime compensation, record keeping or wage statement violations, failure to timely pay wages, and waiting time penalties, and civil and statutory penalties attributable to the underlying claims (excluding penalties available under the Private Attorneys General Act), and interest under California law arising out of the released claims, while employed by Defendant as a salary grade 32, 33, or 34 Special Investigator, other than in the Nationals Group, up to [date of preliminary approval].

This release is limited to the claims listed above, and is not a general release. This Release will be final and binding upon Final Approval. You can talk to one of the lawyers appointed as Class Counsel (listed in response to Question 12 below) for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.  Any fees you incur by consulting with your own lawyer, aside from Class Counsel, are not covered by this Settlement.

## 7. WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT?

If you do not cash your settlement checks within 90 days, you still will give up the right to sue Defendant for your California state law claims as explained in Paragraph 6, and your settlement amount will be donated to charity. You will be legally bound by the Court's judgment in this case for the California state law claims.

## 8. HOW DO I OBJECT TO THE SETTLEMENT?

If you do not like the settlement, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.

Any Class Member may comment on, or object to, the Settlement, or any portion thereof.  Class Members may do so in writing by sending comments or objections to the Claims Administrator by [DATE].  The Claims Administrator's contact information is as follows:

> [INSERT]

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written comment or objection in the manner described above and by the

specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

The Claims Administrator will file all objections with the Court and provide all objections to Class Counsel and Defendants' lawyers.

## 9.      DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?

Yes. The Court appointed the following lawyers to serve as Class Counsel for the Settlement Class:

Daniel S. Brome                              Matthew H. Morgan
dbrome@nka.com                               morgan@nka.com
NICHOLS KASTER LLP                           Reena I. Desai
235 Montgomery St., Suite 810                rdesai@nka.com
San Francisco, CA 94104                      NICHOLS KASTER LLP.
Telephone:  (415) 277-7235                   4600 IDS Center
                                             80 South 8th St.
                                             Minneapolis, MN 55402
                                             Telephone: (612) 256-3200

More information about Class Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

## 10.     HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to approve from  the Total Settlement Amount (1) attorneys' fees of 30% of the Total Settlement Amount ($1,620,000) payable to Class Counsel, and (2) up to $100,000 in litigation costs payable to Class Counsel. The Court may award less than these amounts from the Total Settlement Amount.   If the Court approves an amount of fees or costs less than requested by Class Counsel, the unapproved amounts will be made available for distribution to the Settlement Class Members.

## 11.     WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on insert date/time/location. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval.  If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs, and whether to approve the

service payments to the Named Plaintiffs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present his or her objection to the Court.

| 12. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

| 13. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |
|---|---|

Yes.  You have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 14. | WHERE DO I OBTAIN MORE INFORMATION? |
|---|---|

If you want additional information, you may call or write Class Counsel at the address and telephone number listed above.   Alternatively, you may contact the Settlement Administrator at:

[CPT Contact Info]

The specific terms of the settlement have also been filed with the Court.  You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.

PLEASE DO NOT CONTACT THE COURT DIRECTLY ABOUT THIS SETTLEMENT

# EXHIBIT C

*UNITED STATES DISTRICT COURT –NORTHERN DISTRICT OF CALIFORNIA*

# Notice of Class and Collective Action Settlement

### A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.

### *YOU ARE NOT BEING SUED.*

You are receiving this notice because you are an Opt-in Plaintiff and a Class Member in the lawsuit entitled *Deluca v. Farmers Insurance Exchange*, (the "Lawsuit") which asserts claims that Farmers ("Defendant") violated state and federal wage and hour laws by, among other things, allegedly failing to pay for all hours worked including overtime hours worked by special investigators during the Class Period, and failing to provide the California Class Members with compliant wage statements, and failing to timely pay overtime and minimum wages to the California Class upon termination of employment. This notice is to inform you of the terms of a proposed settlement of the class and collective action lawsuit.

This proposed settlement has received *preliminary* approval from the Court and will resolve all claims of the parties who wish to participate in the settlement. You filed a consent to join form to assert  your claims under the Fair Labor Standards Act ("FLSA"); additionally, because you previously received a notice that the Court certified this case as a class action lawsuit with regard to claims under California state law, and you did not opt-out of the lawsuit in response to the prior notice, you are a member of the California Class portion of the Lawsuit..

Defendant denies all of the claims and allegations, denies that Plaintiffs or that any of the Class Members are entitled to any relief, and denies that absent a settlement, any class or collective action should be certified. Plaintiffs and Defendant recognizes the costs and risks of continued litigation, however, and believe that the proposed settlement is a fair and reasonable resolution. The settlement provides that Defendant will pay up to a maximum of $5,400,000 to settle this case (the "Settlement Fund").

The Court conditionally certified this lawsuit as a collective action under the federal FLSA on August 15, 2017.  Notice of the lawsuit was sent by mail and email to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims.  You joined the lawsuit as a federal FLSA Opt-in Plaintiff at that time; additionally, because you worked in California and did not opt out of the class, you are also a member of the certified California Class, and so may also participate in this settlement as a Class Member for the claims the Lawsuit asserted under California state law.  This notice provides information on how to participate in the settlement and your options.

The Court has preliminarily approved the settlement. You will receive your share of the Settlement Fund through a settlement payment in the pre-tax amount for your federal FLSA and California state law claims that is estimated to be a total of [$**XXXXXXX**]. This is just an estimate. The actual payment receive will depend on a number of factors, including whether the Court approves all of the fees, costs, and enhancement awards requested by Class Counsel.  As detailed below, you will receive the full payment only after the Court grants final approval of the settlement <u>if you return your Release of Claim Form</u>.  If you do not return your Release of Claim Form, you will not receive a payment for your claims under the

FLSA, and your FLSA claims will be dismissed without prejudice, but you will retain the right to file a separate individual lawsuit for these claims, if you so choose.  Regardless of whether submit a Release of Claims Form, you still will receive a lesser amount to settle only  your California state law claims.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A <u>CHOICE</u> TO MAKE NOW.  THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| ***Timely Sign and Submit the Attached Release of Claim Form*** | • You will receive a settlement check for <u>your federal and state law claims</u> in the pre-tax amount estimated to be [$**XXXXX**] (which represents $**XXX.XX** for your California state law claims and an additional $**XXX.XX** to release your federal FLSA claims.) <br> • You will release your federal FLSA and California state law wage and hour claims (defined in Question 6, below) and will be bound by the terms of settlement as to those claims.  You will give up your right to sue Defendant for these claims. <br> • ***If you do not cash your settlement payment within 90 days after the check was issued,*** you will still give up your right to sue Defendant under these laws, but your payment will be donated to charity. | ***The signed Release of Claim Form must be sent to the Settlement Administrator via email or fax or postmarked no later than [DATE].*** |
| ***If you do nothing.*** | • You will receive a settlement check in the pre-tax amount estimated to be [$**XXXXX**], which represents the settlement amount for your California state law claims only. <br> • You will release your California state law wage and hour claims (defined in Question 6, below) and will be bound by the terms of settlement as to those claims.   You will give up your right to sue Defendant for these claims. <br> • If you do nothing, you will **not** receive the amount allocated to your federal FLSA claims and you will not release your federal FLSA claims, but your FLSA claims will be dismissed without prejudice to your ability to file a separate individual lawsuit for these claims.  You will have thirty (30) days subsequent to this Settlement's Final Approval to preserve consent-based tolling. <br> • ***If you do not cash your settlement payment within 90 days after the check was issued,*** you will still give up your right to sue Defendant under the California state laws, but your payment will be | ***You do not need to do anything to receive this <u>lower</u> settlement amount.  You need only cash your check no later than 90 days after it is issued.*** |

| | | |
|---|---|---|
| | donated to charity. | |
| ***Exclude yourself from the federal FLSA settlement by making a written exclusion request.*** | • You can elect to exclude yourself from the federal FLSA settlement and retain your right to sue Defendant for your federal FLSA claims.<br>• To exclude yourself, you **must** submit a signed exclusion request.  If you exclude yourself, you will not receive a settlement check for your federal FLSA claims, but you will still receive a settlement check in the amount of $XXX for your California state law claims.  Your claims under the FLSA will be dismissed without prejudice to your ability to file a separate individual lawsuit for these claims.<br>• If you want to file your federal FLSA claims individually, you will have thirty (30) days subsequent to this Settlement's Final Approval to preserve consent-based tolling. | ***The Exclusion Request must be sent to the Claims Administrator via email or mail postmarked no later than [DATE].*** |
| ***File an Objection*** | • You can remain in the settlement and still write to the Court explaining why you disagree with the settlement.<br>• To object to the settlement, you **must** submit a written notice identifying your objection.<br>• Even if you object to the settlement, you will remain in the Settlement Class and will receive a payment for your California claims, and will release your claims under California law, although the Court may order modifications to the settlement after considering the objections. | ***The Objection must be sent to the Claims Administrator via email or mail postmarked no later than [DATE].*** |
| ***Appear at the Hearing*** | • You can also ask to speak to the Court about the fairness of the settlement. | ***The hearing is scheduled for [DATE]. This date may change without further notice.*** |

If you wish to see a full copy of the settlement agreement, or if you have questions about the settlement you should contact Class Counsel:

Daniel S. Brome
Nichols Kaster, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
(415) 277-7235

Reena I. Desai
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
(612) 256-3200

3

## 1.      WHY DID I GET THIS NOTICE?

The Court directed this Notice be sent to you because you are an Opt-in Plaintiff and a Class Member in the lawsuit.  You previously filed a consent to join form in this case and Defendant's records show that you worked for Defendant as a special investigator, senior special investigator, or general special investigator, other than those in the "Nationals" group, in California at some point between January 4, 2014 and February 27, 2018, and you previously received a notice that the Court certified this case as a class action as to the California state law claims, and you did not opt-out of the class in response to that notice.

This proposed settlement will affect your legal rights.  Therefore, it is important that you read this notice carefully.

## 2.      WHAT IS A CLASS ACTION AND WHAT IS A COLLECTIVE ACTION?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or "Class Members."  The Court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class.  Class Actions are brought under state law.  Here, a class action was brought for those Class Members who worked in California under California laws.

In a collective action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. In order to join a collective action, a person must file a plaintiff consent form with the court.  All the people who file consent forms are together considered to be part of the "Collective."  The court can determine whether it will allow a lawsuit to proceed as a collective action.  In a collective action, one court resolves common issues for everyone in the collective.  Collective actions are brought under the federal FLSA, as in this case.

## 3.      WHAT IS THIS CASE ABOUT?

The Lawsuit generally involves claims under federal and state wage and hour laws.  The Plaintiffs are former special investigators who worked for Farmers. Plaintiffs allege that Farmers misclassified special investigators as "exempt" employees and failed to pay overtime premiums for overtime hours worked under applicable state and federal law. Additionally Plaintiffs allege that Defendant failed to provide compliant written wage statements, and failed to pay all final wages to the Class Members under California law. Through the Lawsuit, Plaintiffs sought to recover unpaid overtime wages, statutory penalties, and other related relief.

Farmers denies all liability in the Lawsuit, denies that any of Plaintiffs' claims and allegations have merit, and asserts that a class or collective action is inappropriate for any purpose other than settlement. Plaintiffs believe that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |
|---|---|

The Honorable Judge Thomas S. Hixson of the United States District Court for the Northern District of California granted preliminary approval of the Settlement. On February 27, 2018 Judge Elizabeth D. Laporte (Ret.) certified the California overtime claims as a class action, and certified the following Class. This is the California Class for purposes of this Settlement:

- o **California Class:** All persons employed by Defendants in the State of California as special investigators, senior special investigators, or general special investigators, other than those in the "Nationals" group, at any time within four (4) years prior to the date of the filing of this Complaint through February 27, 2018 who were classified as exempt from overtime pay under applicable law.

Defendant identified you as falling within that definition, and you previously received a notice of class certification and did not opt-out of the California claims class.  The Settlement also includes individuals, such as you, who filed consent to join forms to opt into the lawsuit as an Opt-in Plaintiff as to the federal FLSA claims.  The settlement also includes an individual Named Plaintiff bringing claims under New York state law. The settlement also includes the two California Named Plaintiffs' individual claims for missed second meal periods.

| 5. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

Under the terms of the Settlement, Farmers agrees to pay the "Total Settlement Amount" of up to $5,400,000. Deducted from the Total Settlement will be sums, to be approved by the Court, for Class Counsel's attorneys' fees and costs, settlement administration costs, and service payments to two of the Named Plaintiffs and other Class Members who were deposed in this case.   Class Counsel anticipates asking the Court to approve awards of 30% of the Total Settlement Amount ($1,620,000), up to $100,000 in litigation costs to Class Counsel, up to $14,000 for the costs of settlement administration, up to $10,000 each in service payments to two Named Plaintiffs, and up to $1,000 each ($26,000 total) in payments to the 26 Opt-ins and Class Members who were deposed in the matter. The amount remaining after these items are deducted from the Total Settlement Amount is the Net Settlement Fund.

Each Plaintiff and Class Member shall ultimately be entitled to a pro rata portion of the Net Settlement Fund, which will be based on a calculation performed using your dates of work and earnings history within the applicable statute of limitations (based on Defendant's records), and Class Counsel's estimate of an assumed number of hours worked per week that is either (a) taken from your deposition testimony (if you were deposed) or (b) the average number of weekly hours worked according to deposition testimony from 25 Opt-in Plaintiffs.  A reduction was applied to the California state law claims of any Class Member who has been identified as previously releasing those claims through a separate lawsuit or severance. From this individual calculation, each Class Member was allocated her or his pro rata share of the Net Settlement Fund.  Based on your work records, your total estimated pre-tax settlement share, after attorneys' fees and costs, administration costs, service and enhancement awards is **[XXX].**

5

Payments to Class Members will be reported as one-half W-2 wage earnings and one-half penalties, interest, and liquidated damages, reported on a 1099. Each Class Member will be responsible for the payment of any personal taxes owing on that amount.

| **6.** | **WHAT HAPPENS IF I DO NOTHING?** |

If you do nothing, you still will receive a <u>lower</u> settlement payment <u>for your California state law claims only, and you will release your claims under California state law.</u>  You will <u>not</u> receive your federal FLSA allocation and your claims under the FLSA will be dismissed from this case without prejudice to your ability to file a separate individual lawsuit for these claims.  If you decide to bring these FLSA claims against Defendant, you  must file your claim within thirty (30) days of final approval in order to preserve consent-based tolling.

If the Court approves the settlement, settlement checks will be distributed to Class Members after the Court's order approving the settlement is final .

Through this settlement, you will knowingly and voluntarily, irrevocably, and unconditionally, forever and fully release and covenant not to sue Defendant from/for the following claims (the "Released Claims"):

> Any and all claims and causes of action for minimum wage or overtime compensation, wage statement violations, failure to time pay wages and waiting time penalties, civil and statutory penalties attributable to the underlying claims, and interest under California law arising out of the released claims, while employed by Defendant as a salary grade 32, 33, or 34 Special Investigator, other than in the Nationals Group, up to [date of preliminary approval].

This release is limited to the claims listed above, and is not a general release. This Release will be final and binding upon Final Approval. You can talk to one of the lawyers appointed as Class Counsel (listed in response to Question 12 below) for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.  Any fees you incur by talking to your own lawyer, aside from Class Counsel, will not be covered by this Settlement.

| **7.** | **WHAT HAPPENS IF I SEND IN A RELEASE OF CLAIMS FORM?** |

If you timely sign and return the attached Release of Claims Form, you will receive a settlement check for <u>your full allocation, based on federal and California state law claims</u>.

You will give up your claims under the federal FLSA, as explained in the attached Release of Claims Form, and you will release the California state law claims listed in Question 6.

**All Release of Claims Forms must be sent to the Claims Administrator via email, fax or postmarked by [*ENTER DATE 45 DAYS FROM MAILING*].**

## 9.    HOW DO I EXCLUDE MYSELF FROM THE FLSA COLLECTIVE SETTLEMENT?

If you wish to withdraw your consent to join form and exclude yourself from the FLSA portion of this this Lawsuit you may be excluded from the FLSA portion of the Lawsuit (i.e., "reject") by sending a timely letter in writing that contains your name, address, telephone number, the last four digits of your social security number, and the dates and location of your work for Farmers, as well as your signature ("Request for Exclusion") to the Claims Administrator. The Request for Exclusion must be signed, dated and mailed no later than **[DATE]**.  The Claims Administrator's contact information is as follows:

**[INSERT]**

If you ask to be excluded, will not receive the federal FLSA portion of your settlement amount and you will not release your federal FLSA claims against Defendant.

## 10.    HOW DO I OBJECT TO THE CALIFORNIA PORTION OF THE SETTLEMENT?

If you do not like the the portion of the settlement related to the California state law claims, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.

Any California Class Member may comment on, or object to, the Settlement, or any portion thereof.  Class Members may do so in writing by sending comments or objections to the Claims Administrator by **[DATE].**  The Settlement Administrator's contact information is as follows:

**[INSERT]**

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written comment or objection in the manner described above and by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

The Settlement Administrator will file all objections with the Court and provide all objections to Class Counsel and Defendant's lawyers.

## 11.    DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?

Yes. The Court appointed the following lawyers to serve as Class Counsel for the Settlement Class:

Daniel S. Brome                                    Matthew H. Morgan

dbrome@nka.com                          morgan@nka.com
NICHOLS KASTER LLP                      Reena I. Desai
235 Montgomery St., Suite 810           rdesai@nka.com
San Francisco, CA 94104                 NICHOLS KASTER LLP
Telephone:  (415) 277-7235              4600 IDS Center
                                        80 South 8th St.
                                        Minneapolis, MN 55402
                                        Telephone: (612) 256-3200

More information about Class Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

| **12.    HOW WILL THE LAWYERS BE PAID?** |
|---|

Class Counsel will ask the Court to approve from the Total Settlement Amount (1) attorneys' fees of 30% of the Total Settlement Amount ($1,620,000) payable to Class Counsel, and (2) up to $100,000 in litigation costs payable to Class Counsel. The Court may award less than these amounts from the Total Settlement Amount.   If the Court approves an amount of fees or costs less than requested by Class Counsel, the unapproved amounts will be made available for distribution to the Settlement Class Members.

| **13.    WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT?** |
|---|

If you do not cash your settlement checks within 90 days, you will give up the right to sue Defendant for your federal FLSA and California state law claims as explained in Paragraphs 6 and 7,  and your settlement amount will be donated to charity.  You will be legally bound by the Court's judgment.

| **14.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
|---|

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on **insert date/time/location**. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval.  If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs, and whether to approve the service payments to the Named Plaintiffs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present his or her objection to the Court.

8

| 15. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

| 16. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |
|---|---|

Yes.  You have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 17. | WHERE DO I OBTAIN MORE INFORMATION? |
|---|---|

If you want additional information, you may call or write Class Counsel at the address and telephone number listed above.   Alternatively, you may contact the Settlement Administrator at: _____

The specific terms of the settlement have also been filed with the Court.  You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.

PLEASE DO NOT CONTACT THE COURT DIRECTLY ABOUT THIS SETTLEMENT

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David DeLuca and Barry Francis, individually and on behalf of all others similarly situated, and Melissa Laughlin, individually,<br><br>      Plaintiffs,<br><br>  v.<br><br>Farmers Insurance Exchange,<br>      Defendant. | **Case No. 3:17-cv-00034-EDL** |

**RELEASE OF CLAIMS FOR [FIRST, LAST]**

I received the Notice of Settlement which informed me that I will receive pre-tax payments estimated to be $[AMOUNT] (less applicable withholdings) if I return this Release of Claims form so that it is received by the Claims Administrator or postmarked by [DATE].

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payments, I knowingly and voluntarily, irrevocably and unconditionally, forever and fully release and covenant not to sue Defendant and/or Released Parties from/for any and all claims and causes of action for unpaid minimum wages and overtime compensation, liquidated damages, penalties and interest under the Fair Labor Standards Act, which I have or might have, known or unknown, that has arisen or could have arisen from my work with Defendant as up to [date of preliminary approval].

DATE: _____    _____
                [FIRST LAST]

Submit by mail or electronically to [SETTLEMENT ADMINISTRATOR]. Must be postmarked by [DATE]

**[INSERT SETTLEMENT ADMINISTRATOR INFORMATION]**

10

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David DeLuca and Barry Francis, individually and on behalf of all others similarly situated, and Melissa Laughlin, individually, | Case No. 3:17-cv-00034-TSH |
| Plaintiffs, | NOTICE OF SETTLEMENT FOR [FIRST] [LAST] |
| v. | YOUR ESTIMATED PRE-TAX |
| Farmers Insurance Exchange, Defendant. | SETTLEMENT PAYMENT: $XXX |

---

**You are receiving this Notice because you worked for Farmers as a special investigator and timely joined this case as an "Opt-in" Plaintiff. Your decision to participate in this settlement may have legal consequences so please review this Notice carefully.  To obtain your share of the settlement, you must return the Release of Claims form to the Claims Administrator by:**

**[DATE]**

## I.   DESCRIPTION OF THE LAWSUIT

On January 4, 2017, Plaintiffs filed this class and collective action on behalf of themselves and other similarly-situated special investigators who worked for Farmers (the "Lawsuit").  The Lawsuit generally involves claims under federal and California state wage and hour laws.  The Plaintiffs are former special investigators who worked for Farmers. Plaintiffs allege that Farmers misclassified special investigators as exempt and failed to pay overtime compensation for overtime hours worked under applicable federal and California law. Additionally, Plaintiffs allege that Defendant failed to provide complete written wage statements, and failed to pay all final wages to the Class Members under California law. Through the Lawsuit, Plaintiffs sought to recover unpaid overtime wages, statutory penalties, liquidated damages, and other related relief.

The Court conditionally certified this lawsuit as a collective action under the federal FLSA on August 15, 2017.  Notice of the lawsuit was sent by mail and email to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims.  The Court later certified the case as a class action for the claims under California state law.  Because you filed a "consent to join form," you are part of the collective action part of the Lawsuit alleging claims for unpaid wages under federal law.

1

Farmers denies all liability, denies that any of Plaintiffs' claims and allegations have merit, and asserts that a collective or class action is inappropriate for any purpose other than settlement.

This notice provides information on how to participate in the settlement and your options.

## II.    SETTLEMENT

On February 19, 2020, through arms-length and comprehensive negotiations at a mandatory settlement conference with a federal Magistrate Judge, the parties reached agreement on the financial terms of a settlement.   Plaintiffs' Counsel has obtained for the special investigators what they believe to be a fair and reasonable settlement offer in light of disputed issues.  The parties agreed to a total maximum settlement of $5,400,000.   This amount covers both the federal claims for the people who opted into the collective action portion of the Lawsuit and the claims under California law for the individuals who are part of the class action portion of the Lawsuit concerning California state law claims.  Because you did not work in California, you are not part of the class that the Court certified in this case.

### A.    Your Settlement Amount

Your individual settlement offer is based on a calculation performed by Plaintiffs' counsel using the date your "opt-in" consent form was filed with the Court, your dates of work for Farmers, and earnings history within the three-year statute of limitations (based on Defendant's records), and an assumed number of hours per week that is either (a) taken from your deposition testimony (if you were deposed) or (b) the average number of weekly hours worked according to deposition testimony from 25 other Opt-in Plaintiffs.  From this potential damage calculation, each Plaintiff was allocated her or his pro rata share of the total settlement reached, after a deduction for attorneys' fees, litigation costs, administration costs, Named Plaintiff service awards, and enhancements to each Plaintiff that was deposed in the matter that Plaintiffs' counsel expects to request that the Court approve.  Please note that your individual settlement offer reflected in this notice is just an estimate.  The final amount could change based on whether the Court approves all of the requested fees, costs, service awards and enhancements. Any non-approved amounts will be made available for distribution to both the Opt In Plaintiffs and the individuals who are part of the California class as part of their individual settlement amounts.

If you execute and return the enclosed Release of Claims form to the Claims Administrator by **[DATE],** you will receive your settlement payment after the Court grants final approval of the settlement.

You will have 90 days to cash your settlement checks.  Any uncashed checks will be donated to charity.

### B.    Attorneys' Fees and Costs

Plaintiffs' Counsel will ask the Court to approve 30% of the total settlement ($1,620,000) as payment for attorneys' fees, plus reimbursement of litigation costs of up to $100,000.  These

2

amounts, along with estimates for settlement administration costs, service and enhancement awards were already accounted for in determining your estimated allocation.   Your settlement payment will be reported as one-half W-2 wage earnings and one-half penalties, interest, and liquidated damages, reported on a 1099. You will be responsible for the payment of any personal taxes owing on that amount.  Standard employment tax withholdings will be made from the portion of your settlement award allocated to the settlement of your claim for unpaid wages.

### C.     Scope of Release

Please read the Release of Claims form.  If you accept your settlement offer, you agree to release all claims under the federal Fair Labor Standards Act ("FLSA") for unpaid minimum wages and overtime claims against Defendant.  If you do not sign the Release of Claim form , your claims will be dismissed by the Court without prejudice, and you will not receive a settlement payment, but you will be entitled to file a separate individual lawsuit if you so choose. You will have 30 days to re-file your claims in order to preserve consent-based tolling; after that point, the statute of limitations will run until you file a new case.

### D.     Your Options

In order to participate in the settlement and receive your settlement payment, estimated to be $XXX, **YOU MUST SIGN AND RETURN THE RELEASE FORM WITH A POSTMARK DATED BY [DATE]**.  A postage paid return envelope is enclosed for your convenience.   You may also return your signed form by email or fax. The Settlement Administrator's address is as follows:

[**INSERT INFORMATION**].

You have the  right to withdraw from this Lawsuit if you do not wish to release your claims in exchange for your settlement payment. If you do so, you will not release any claims, you will retain the right to timely bring your own claims against Defendant, but you will not receive any settlement payments from this settlement.  If you wish to withdraw from this Lawsuit and reject the settlement, you must write to the settlement administrator including your name, address, telephone number, the last four digits of your social security number, and the dates and location of your work for Farmers, and signature and indicate that you reject the settlement.  You must do so with a postmark by [**DATE**].  If you do not sign a Release of Claim form (whether or not you inform the Settlement Administrator that you wish to reject your settlement offer), your claims in this case will be dismissed without prejudice to your right to file a separate individual lawsuit.  You will have 30 days after the Court's order approving the settlement is final to file a new lawsuit without any loss of time under the applicable statute(s) of limitations. To reject this settlement and withdraw from the Lawsuit, you must send your rejection in writing to the Settlement Administrator.

If you do not respond by the deadline by returning the enclosed Release of Claims form, you will not receive payment, and your claims will be dismissed. You will retain your rights to sue Defendant, and you will have 30 days after the Court enters an order approving the settlement to file an individual lawsuit without any loss of time under the applicable statute(s) of limitations.

### III.    QUESTIONS

If you would like to review the full Settlement Agreement, or if you have any questions about the settlement, you should contact Plaintiffs' Counsel:

Daniel S. Brome
Nichols Kaster, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
(415) 277-7235

Reena I. Desai
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
(612) 256-3200

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David DeLuca and Barry Francis, individually and on behalf of all others similarly situated, and Melissa Laughlin, individually, | **Case No. 3:17-cv-00034-EDL** |
| Plaintiffs, | |
| v. | |
| Farmers Insurance Exchange, Defendant. | |

**RELEASE OF CLAIMS FOR [FIRST, LAST]**

I received the Notice of Settlement which informed me that I will receive pre-tax payments estimated to be $[**AMOUNT**] (less applicable withholdings) if I return this Release of Claims form so that it is received by the Claims Administrator or postmarked by [**DATE**].

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payments, I knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Defendant from/for any and all claims and causes of action for unpaid minimum wages and overtime compensation, liquidated damages, penalties and interest under the Fair Labor Standards Act, which I have or might have, known or unknown, that has arisen or could have arisen from my work with Defendant as a salary 32, 33, or 34 special investigator, other than in the Nationals Group, up to [preliminary approval date].

This release is limited to specific wage and hour claims, and is not a general release. This Release will be final and binding upon Final Approval.

DATE: _____          _____
                                              [FIRST LAST]

Submit by mail or electronically to [Administrator]. Must be postmarked by [**DATE**]

[**INSERT ADMINISTRATOR INFORMATION**]

5